Marshall Field & Company, a Corporation, Plaintiff-Appellee, v. Dr. James J. Green and Pauline Green, Defendants-Appellants.

**Gen. No. 52,803.**

First District, Fourth Division.

May 29, 1968.

Rehearing denied June 17, 1968.

James M. P. D'Amico, of Chicago, for appellant.

No appearance made in behalf of appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

■■■■■■■■■■■■■■

This appeal is taken from an order entered in the Circuit Court on October 19, 1967, denying the motion of Dr. James J. Green and Pauline Green, defendants, for summary judgment. A suit had been brought by Marshall Field & Company as plaintiff against the defendants on an account for goods and services performed pursuant to a decorating contract relating to defendants' home. The defendants filed a defense to the complaint, then moved for a summary judgment in their favor, which was denied by the court. Defendants then took this appeal, asking that the order of the trial court be reversed.

In this court the defendants filed a brief. No reply brief was filed by the plaintiff.

■■ The question this court must first determine is whether or not the order entered in the trial court was an appealable order. A court's order refusing to enter a summary judgment is not an appealable order. See Simon v. Jones, 96 Ill App2d 1, 238 NE2d 259. It is true that the trial court entered a draft order denying defendants' motion for a summary judgment, in which order it was stated: "It is further ordered that the court finds no just delay for the immediate execution of this order or appeal therefrom."

It is necessary to consider section 50(2) of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 50(2)). Our opinion in Harris Trust & Savings Bank v. Briskin Mfg. Co., 63 Ill App2d 12, 211 NE2d 32, dealt with this question at some length, reaching a conclusion adverse to the position of defendants here in seeking a review of the instant order. Shortly thereafter, in Davis v. Childers, 33 Ill2d 297, 211 NE2d 364, the argument was made that the finding of the court that there was no just reason for delaying appeal, was unavailing where the judgment entered was not a final judgment, and the court pointed out that section 50(2) applies only where

7

multiple parties or multiple claims for relief are involved. The court further held that the section was not designed to stimulate appeals from orders that dispose of less than all of the issues in an action involving a single claim, and that a trial court cannot confer appellate jurisdiction by a finding that there is no just reason for delaying enforcement or appeal. Ariola v. Nigro, 13 Ill2d 200, 148 NE2d 787; Hanley v. Hanley, 13 Ill2d 209, 148 NE2d 792. Also see City of Vandalia v. Tate, 66 Ill App2d 488, 213 NE2d 787.

On its own motion this court must dismiss the appeal.

Dismissed.

DRUCKER and ENGLISH, JJ., concur.