BIGELOW-LIPTAK CORPORATION, Plaintiff-Appellee, *v.* MAZZUCCO CONSTRUCTION COMPANY, Defendant-Appellant (AMERICAN INCINERATOR CORPORATION *et al.*, Defendants)—HOUSING AUTHORITY OF JOLIET, for the use and benefit of BIGELOW-LIPTAK CORPORATION, Defendant-Appellee, *v.* AMERICAN CASUALTY COMPANY *et al.*, Defendant-Appellants.

(No. 71-128; )

Third District—March 8, 1972.

*Rehearing denied April 3, 1972.*

Galowich, Galowich, McSteen & Phelan, of Joliet, (Harry McSteen, of counsel,) for appellant.

Murphy, Timm, Lennon & Spesia and Bert G. Engelman, both of Joliet, and Stuart E. Hertzberg, of Detroit, Michigan, (Ralph Murphy, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendant Mazzucco Construction Company, hereinafter referred to as "defendant Mazzucco", contracted with the Housing Authority of

Joliet, hereinafter referred to as the "Housing Authority", to construct three buildings in the city of Joliet which were to be used for senior citizen housing. In connection with this contract the defendant Mazzucco executed and delivered to the Housing Authority a payment bond as required by Chapter 29, Section 15, Illinois Revised Statutes. The defendant Mazzucco was the principal on this bond and the surety thereon was the American Casualty Company, hereinafter referred to as the "defendant American Casualty."

The defendant Mazzucco subcontracted with American Incinerator Corporation for the furnishing of certain incinerators which were to be installed in the housing project. American Incinerator on May 18, 1967, contracted with the plaintiff, Bigelow-Liptak Corporation, hereinafter referred to as the "plaintiff," for the purchasing of the refractory installations in the incinerators. The plaintiff completely performed its contract by September 19, 1967, and on October 27, 1967, became entitled to a payment of $7,302.52 for labor and materials furnished.

Late in December, 1967, American Incinerator Corporation instituted proceedings under the Bankruptcy Act and on December 28, 1967, the plaintiff through its general counsel informed the Housing Authority that it had fully performed the work under its contract with American Incinerators, a subcontractor of the defendant Mazzucco, and had not been paid for labor and materials furnished. On February 29, 1968, the plaintiff in accordance with the procedure set forth in Chapter 29, Section 16, Illinois Revised Statutes, notified the Housing Authority of its claim for the sum of $7,302.52 and likewise the defendant Mazzucco was notified of said claim on March 1, 1968. The Receiver in Bankruptcy for American Incinerator was notified on March 11, 1968, and American Casualty, the surety on the payment bond, was notified on March 18, 1968.

On March 1, 1968, the plaintiff gave to the Housing Authority and the defendant Mazzucco written notice and claim for lien against all monies due the defendant Mazzucco written notice and claim for lien against all monies due the defendant Mazzucco, said claim being in the amount of $7,424.22, which also included in the sum the amount of $121.70 as interest.

The notice provisions required by our statute governing Contracts for Public Works, namely, Chapter 29, Section 16, Illinois Revised Statutes, was fully complied with by the plaintiff, notice was served on the Housing Authority less than 180 days after the work was completed and the instant action was commenced on April 22, 1968, being not sooner than 120 days after the date the last work was performed on the con-

tract by the plaintiff and not later than six months after acceptance of the project by the Housing Authority.

As we have stated, the instant suit was commenced on April 22, 1968, when the plaintiff and the Housing Authority for the use of the plaintiff filed a complaint which contained two counts. Count I, referred to as the lien count, sought a lien upon monies due the defendant Mazzucco or American Incinerator from the Housing Authority. Count II, referred to as the bond count, sought judgment against the defendant American Casualty and defendant Mazzucco in the sum of $7,302.52, plus interest from October 27, 1967, and this count was predicated upon the terms of the payment bond on which the defendant Mazzucco was principal and the defendant American Casualty was surety.

Before a determination of this cause was made by the trial court the various parties involved filed answers, affirmative defenses, additional affirmative defenses, motions to strike affirmative defenses, motions for summary judgments, affidavits in support of motions for summary judgment, and answers to motions for summary judgments. We will recount the pertinent pleadings as we deem them to be of significance in a determination of the issues presented to us by this appeal.

This cause was ultimately decided by the trial court by granting of a certain motion for summary judgment and the denial of other motions seeking the same relief. Chronologically, the defendant Mazzucco first moved for a summary judgment against Bigelow-Liptak on Count I, being the lien count. The main thrust of this motion was that since American Incinerator had no money due it at the time the plaintiff gave notice of its lien, then no lien could be asserted against the defendant Mazzucco or the Housing Authority.

The defendant Mazzucco and defendant American Casualty also filed a motion for summary judgment against the plaintiff on Count II, being the bond count. The affidavit supporting this motion averred that the plaintiff did not have a "just claim" because of his conduct in failing to timely inform the defendant Mazzucco of the bankruptcy proceedings of American Incinerator and thereby both the defendant Mazzucco and the defendant American Casualty were prevented from withholding funds due American Incinerator which could have been paid to the plaintiff. Further it was averred that in order for the plaintiff to recover on Count II that the court would have to find that the plaintiff had a right to recovery against the Housing Authority, which in turn would give the Housing Authority the right to recover against the defendant Mazzucco and the defendant American Casualty. It was the affiant's contention that Chapter 29, Section 16, Illinois Revised Statutes, which

we refer to as the "Bond for Public Works Act," specifically limits the Housing Authority's liability to what it was before the enactment of Section 16 and that consequently the Housing Authority's liability is limited to the amount of money due American Incinerator at the time the plaintiff gave notice of its claim and it was the affiant's contention that at that time no money was due American Incinerator; hence there being no liability to the plaintiff, there could be no claim against the defendant Mazzucco and the defendant American Casualty.

Next the Housing Authority for use of the plaintiff filed a motion for summary judgment against the defendant Mazzuccco and the defendant American Casualty on Count II, being the bond count of the complaint. The affidavit supporting this motion stated among other things (1) that Count II of the complaint is an action on the bond executed pursuant to Chapter 29, Section 15 and 16, Illinois Revised Statutes, (2) that the defendant Mazzucco knew of the plaintiff's contract with American Incinerator and also of the presence of the plaintiff on the job site, (3) that notice of the claim of the plaintiff was served on the Housing Authority, the defendant Mazzucco, American Incinerator and the defendant American Casualty pursuant to Chapter 29, Section 16, Illinois Revised Statutes, within 180 days after the plaintiff completed its work and legal action was not instituted sooner than 120 days after the date of the last work nor later than six months after the acceptance of the project by the Housing Authority, (4) that in addition to the foregoing notice the plaintiff on December 28, 1967, had notified the Housing Authority that its contract had been fully performed but payment had not been received, (5) that the plaintiff made two requests, one upon the Housing Authority and the other upon the City of Joliet for the address of the defendant Mazzucco, the latest request being February 2, 1968, but that no reply was ever received, (6) that at the time actual or constructive notice was received the defendant Mazzucco had funds available with which to pay the plaintiff but instead failed to take reasonable steps in order to ascertain if subcontractors had been paid before disbursing the funds to American Incinerator, and (7) that there was a lack of diligence on the part of the defendant Mazzucco and not on the part of plaintiff in that the latter gave all notices required by law and in fact had given additional notices over and above those required by the pertinent statute.

Lastly, the plaintiff filed a motion for summary judgment against the defendant Mazzucco on Count I, being the lien count of its complaint.

After this profusion of pleadings had been filed the trial court heard oral arguments and on December 29, 1970, denied both the plaintiff and defendant Mazzucco's motions for summary judgment on Count I of

the complaint. The court granted the plaintiff's motion for summary judgment on Count II of the complaint and judgment was entered in favor of the plaintiff and against the defendant Mazzucco and the defendant American Casualty in the sum of $7,302.52, together with interest in the sum of $1,150.41.

■■■ The first issue presented for review is whether the trial court erred in granting the plaintiff's motion for summary judgment on Count II of the complaint after sustaining defendant's affirmative defenses against a motion of the plaintiff to strike them. When the parties in this cause filed their respective motions for summary judgment, all of which were supported by affidavits, the court was therefore invited to decide the issue. It is clear that all material facts were before the court; the issues were defined; and the parties had agreed that only questions of law were involved; and therefore the entry of a summary judgment for one or the other was proper. (See *Reconstruction Finance Corporation v. Lucius*, 320 Ill.App. 57, 49 N.E.2d 852; *Allen v. Meyer*, 14 Ill.2d 284, 152 N.E.2d 5 76.) We cannot agree with the defendant Mazzucco and the defendant American Casualty's contention that the trial court erred by granting the plaintiff's motion for summary judgment after sustaining defendant's affirmative defenses against a motion to strike them. When the parties filed their respective motions for summary judgment and supporting affidavits, each of them thereby admitted the sufficiency of his opponent's motion and supporting affidavits. See *Allen v. Meyer, supra*.

■■■ The defendant Mazzucco and the defendant American Casualty next urge that the motions they filed for summary judgment on Count I and Count II of the complaint should have been granted and failure to grant them resulted in reversible error. In reviewing the record we find that what the trial court specifically did was to deny both the plaintiff and defendant Mazzucco's motion for summary judgment on Count I, but the plaintiff's motion for summary judgment on Count II was granted. While the court did not specifically rule on the defendant's motion for summary judgment on Count II, however, it goes without saying that by granting one motion on the count, a like motion of an opponent on the same count was just as effectively denied as if a specific ruling of denial had been made by the court. Directing our attention to these contentions of the defendants we are confronted with the well settled rule that an order refusing to enter a summary judgment is not appealable. (See *Marshall Field & Company v. Green*, 96 Ill.App. 2d 6, 238 N.E.2d 244; *Simon v. Jones*, 96 Ill.App.2d 1, 238 N.E.2d 2 59.) In the light of this well settled rule we need not concern ourselves further with the defendants' assertions of error regarding the trial court's

disposition of a motion for summary judgment on Counts I and II of the complaint. However, even if we did not invoke this rule we hold the trial court's action to be correct for Count II of the plaintiff's complaint was predicated upon the liability of the defendant Mazzucco and defendant American Casualty when they became respectively a principal and a surety upon a payment bond which was required by Chapter 29, Sections 15 and 16 of the Illinois Revised Statutes. A case which clearly and effectively determined the question of liability under the statute and bond is *Housing Authority of Co. of Franklin v. Holtzman,* 120 Ill. App.2d 226, 256 N.E.2d 873. For the purpose of being a determinative precedent the *Holtzman* case is controlling of the questions of law presented to us in the case now before us. In *Holtzman* an action was brought by a supplier of a subcontract for a lien upon funds due a prime contractor from a Housing Authority and was an action against the prime contractor and surety upon a performance and payment bond. The trial court entered judgment against the plaintiff in both actions, which had been consolidated for trial; however, upon appeal it was held that the supplier was not entitled to a statutory lien in the absence of showing that money was due the subcontractor but that the remedy was provided by the "Bond for Public Work Act." In *Holtzman* the cause was remanded to the trial court with directions to enter a judgment for the plaintiff supplier in the action on the bond.

Certain requisite procedural conditions are set forth before one is entitled to proceed under the "Bond for Public Works Act." The Act provides that a person claiming "shall have no such right of action unless" he filed his verified notice of claim within 180 days after furnishing the last items of materials and "that no action shall be brought until the expiration of 120 days after the date of * * * the furnishing of the last items of materials except in cases where final settlement between" the Housing Authority and contractor shall be made prior to the expiration of the 120 day period. In the instant case the defendant Mazzucco and the defendant American Casualty admit that the plaintiff met the notice and time requirement but seek to use the default and bankruptcy of American Incinerator to defeat their clear liability under the payment bond. Under the positive holding in *Holtzman* the defendants Mazzucco and American Casualty cannot escape their liability by presenting such an argument.

■■ The liability of the defendant Mazzucco and the defendant American Casualty is abundantly clear under the bond which they executed. The plaintiff met the statutory requirements of Chapter 29, Section 16, Illinois Revised Statutes, yet there has persisted on the part of the defendants an adamant refusal to pay the plaintiff who in good faith

furnished materials and performed necessary work. The plaintiff in every respect fully complied with his contract, yet instead of being compensated within a reasonable time has been exposed to unreasonsonable and vexatious conduct on the part of both the defendant Mazzucco and the defendant American Casualty. The plaintiff has endured a barrage of vexatious motions and other pleadings, none of which denied that he had properly performed his contract. The defendant Mazzucco knew of the plaintiff's presence on the job site and contrary to its assertions was well aware of American Incinerator's default and bankruptcy proceedings. The defendant American Casualty provided the bond and well knew that its terms provided:

"Now, therefore, if Principal shall, in accordance with applicable Statutes, promptly make payment to *all persons supplying labor and material* in the prosecution of the work provided for in said contract, * * * then this obligation to be void; otherwise to remain in full force and effect." (Emphasis supplied).

A mere reading of the bond which was provided by the defendant Mazzucco and the defendant American Casualty clearly states that payment was to be made to "all persons supplying labor and material" and therefore in the instant case we cannot find that there would have been a reasonable difference of opinion as to whether plaintiff could recover from these defendants and consequently we do not believe that the trial court was in error in awarding interest to the plaintiff on its claim.

We find no reversible error and therefore the judgment of the circuit court of Will County is affirmed.

Judgment affirmed.

ALLOY, P. J., and DIXON, J. concur.