WALTER BEZIN *et al.*, Plaintiffs-Appellants, *v.* HAROLD GINSBURG *et al.*, Defendants-Appellees.

First District (4th Division)    No. 76-1641

Opinion filed April 13, 1978.

Richard T. Franch and Eugene R. Wedoff, both of Chicago (Jenner & Block, of counsel), for appellants.

David Chaimovitz, of Chicago, for appellees.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiff, Walter Bezin, current owner of the beneficial interest of property held by the National Bank of Austin as trustee under a land trust agreement, brought an action for declaratory and injunctive relief against defendants, Harold Ginsburg and James Ginsburg, former beneficial owners under the trust; T. B. & Z. Realty and Management Co., Inc. (T.B. & Z.); Albert F. Brown, the lessee of the subject property under leases executed at the direction of the former beneficial owners; and, the trustee.[1] Bezin sought to have the leases executed by the former beneficial owners declared void and to enjoin the defendants from enforcing the provisions of these leases. Three forcible entry and detainer actions (Nos. 76-M1-717260, 76-M1-712234 and 76-M1-71233), brought by Park Lane Management Corporation (Park Lane), as rental agent of Bezin, for possession of the subject property, were consolidated with the above action by the trial court.[2]

The trial court denied Bezin's motion for partial summary judgment and granted the motions of certain defendants for total summary judgment and dismissed other defendants. On appeal, the plaintiffs contend: (1) that the trial court improperly denied Bezin's partial motion for summary judgment; (2) that the court erred in granting the

---

[1] The trustee, Bank of Austin, was named as a defendant but never appeared or participated in the litigation and Bezin never sought any relief against it by way of default or otherwise. The trustee was also named as a counter-defendant in Brown's counterclaim but neither was served with nor filed a responsive pleading to that complaint.

[2] These cases were disposed of in favor of the defendants by the trial court's final order in the instant case, and Park Lane joins Bezin in this appeal.

defendants' motions for summary judgment and in declaring the leases valid, because genuine issues of material fact were raised by the pleadings and supporting materials; (3) that the court improperly dismissed the Ginsburgs and T. B. & Z. as party-defendants.

We affirm the decision of the trial court granting summary judgment to the Ginsburgs and Brown and dismissing T. B. & Z. but vacate the dismissal of the complaint as to the Ginsburgs.

FACTS

### Background

In July of 1970, Harold Ginsburg created a land trust with the Bank of Austin involving an improved parcel of land located at the southeast corner of State and Division streets in Chicago. Harold Ginsburg named himself sole beneficiary under the trust. He later assigned 50 percent of his beneficial interest in the trust to his son, James Ginsburg, and 50 percent to Louis Bauer; however, Harold Ginsburg retained the power of direction over the trust.

James Ginsburg and Bauer thereafter encumbered their interest in the land trust with a collateral assignment to the First National Bank of Lincolnwood (Bank of Lincolnwood), as security for a $200,000 loan.

As a result of a lawsuit which later ensued between the Ginsburgs, Bauer and others (*Bauer v. Ginsburg*, No. 73 CH 4923, hereinafter the *Bauer* case), a restraining order was issued by stipulation of the parties on March 27, 1974, temporarily enjoining the parties to that action from "selling, assigning, transferring, mortgaging or encumbering" the subject property. This order was to remain in effect until June 24, 1974, at which time any party could apply to the court for an order dissolving the injunction. Bezin attempted but was denied leave to intervene in the *Bauer* case and did not participate in that action.

The Bank of Lincolnwood declared a default on the Ginsburg-Bauer loan and gave notice that it would sell the beneficial interest in the trust property at auction, to satisfy the loan. The sale was held on October 4, 1975, after a postponement resulting from a lawsuit filed by James Ginsburg. On September 30, 1975, and prior to the sale, the two leases in issue in this case were entered into with Brown at the direction of Harold Ginsburg. The leases were signed by Brown and by Harry Leadingham, an employee of T. B. & Z., the purported agent of the trustee. The Brown leases were each for a term of five years, renewable at the option of the lessee for two additional five-year periods. The Brown leases were recorded on October 3, 1975, the Friday before the auction sale of the beneficial interest.

On Saturday, October 4, 1975, the public sale of the beneficial interest

took place. Bezin and all other bidders signed copies of the terms of sale and letters of opinion distributed by the Bank of Lincolnwood which expressly stated that the bank made no warranties as to the existence of leases on the property. Bezin admittedly never examined the title to the trust property, nor inquired about outstanding leases, nor was he represented by an attorney at the sale. The Ginsburgs and their attorney were present at the sale but made no mention of the Brown leases recorded the previous day. Bezin prevailed at the sale and purchased the entire beneficial interest for $450,000. Bezin deposited $50,000 with the Bank of Lincolnwood at the auction and paid the balance at closing on October 20, 1975.

### Present Litigation

On February 3, 1976, Bezin filed this action seeking a declaratory judgment that the Brown leases were invalid. He also sought other related relief. The verified complaint stated three bases for the requested relief: (1) that T. B. & Z. was not authorized to execute the Brown leases on behalf of the trustee; (2) that the defendants had entered into the Brown leases as a fraud on the prospective purchasers of the beneficial interest at the public sale; (3) that the Brown leases were executed in violation of the restraining order in the *Bauer* case. Brown answered the complaint, the Ginsburgs answered and asked to be dismissed and T. B. & Z. moved to dismiss. Brown also filed a counterclaim which sought a declaration that the leases were valid and he also sought related injunctive relief.

On May 10, 1976, Bezin moved for partial summary judgment based on his claim that T. B. & Z. lacked authority to execute the Brown leases on behalf of the trustee. Attached to this motion as an exhibit was a letter dated April 23, 1973, from Bauer, then a beneficiary of the trust, to the trustee attempting to revoke the power of direction held by Harold Ginsburg. Also attached to Bezin's motion was the transcript of the deposition testimony of Harry Leadingham, an employee of T. B. & Z. who signed the Brown leases on behalf of T. B. & Z. On appeal the defendants vigorously contest the propriety of considering the Leadingham deposition, taken by Bezin in the case of *Brown v. Milano* (75 M1-749978), a forcible detainer action involving one of the stores in the trust property. Bezin had unsuccessfully attempted to intervene in this forcible detainer case.

Brown filed a verified answer to Bezin's motion for partial summary judgment alleging that Brown negotiated the leases at arms length and in good faith and for valuable consideration; that Bezin acquired the beneficial interest with knowledge of the Brown leases; and that Bezin had no standing to question the validity of leases executed prior to his purchase of the beneficial interest. The Ginsburgs also filed a sworn

answer to Bezin's motion, supported by the affidavit of James Ginsburg. The purport of the answer, affidavit and attached exhibits was that Bezin had no standing to challenge the validity of the Brown leases having bought the beneficial interest without warranties as to leases; that Bauer's unilateral attempt to revoke Harold Ginsburg's power of direction was ineffective; and that T. B. & Z. had authority to execute leases on behalf of the trustee. The Ginsburgs objected to the consideration of the Leadingham deposition because it had been taken in a separate lawsuit to which Bezin was not a party. They attached several letters to the trustee from Turner, Bailey and Zoll, Inc., regarding the latter's management duties and adopted all the pleadings on file with the court as part of their answer.

Thereafter both the Ginsburgs and Brown filed motions for summary judgment. Attached to the Ginsburg motion were a copy of the trust agreement and the first assignment of the beneficial interest. The Ginsburgs asserted that, when the Brown leases were executed, Harold Ginsburg had the sole power of direction including control of the management and leasing of the premises; that the leases were executed by Brown; and that the security deposit required under the leases had been properly paid. They adopted all pleadings on file as part of their motion for summary judgment. The Ginsburgs requested that the leases be declared valid and that they be dismissed because they no longer had any interest in the land trust or the leases.

In response to the Ginsburg motion, Bezin replied that the leases were invalid and that no evidence was presented indicating defendants' authority to sign leases on behalf of the trustee. Bezin incorporated his own motion for partial summary judgment in response to the Ginsburg motion.

Brown's motion for summary judgment alleged essentially that the leases were validly executed and performed; that Brown paid the required security deposit; that Bezin consummated the purchase of the beneficial interest subject to the existing leases. Brown adopted all the pleadings on file in support of his motion and attached a copy of the terms of sale document signed by Bezin at the auction sale. Bezin's reply stated that the leases were invalid and incorporated his own motion for summary judgment as his answer.

On September 17, 1976, after considering the above pleadings and the deposition of Bezin which had been filed by the defendants, the trial court entered a judgment order denying Bezin's motion for partial summary judgment, granting the defendants' motions for summary judgment and dismissing the Ginsburgs and T. B. & Z. as party-defendants. The trial court found that Bezin acquired the beneficial interest in the trust property subject to the validly executed Brown leases. Bezin's post-trial

motions were denied and, although the trial court allowed Bezin's motion for stay, Bezin did not avail himself of this relief by paying the required bond. Bezin and Park Lane thereafter took this appeal.

OPINION

This case came before the trial court on Bezin's motion for partial summary judgment, the Ginsburg motion for summary judgment and request for dismissal as party-defendants, Brown's motion for summary judgment, and T. B. & Z.'s motion to dismiss. Neither the Ginsburgs nor Brown challenged the legal sufficiency of the complaint by filing motions to strike or to dismiss, but denied the material allegations of the complaint in their answers. T. B. & Z. filed a motion to dismiss the complaint stating, *inter alia*, that it had no interest in the lawsuit and that no relief was sought against it by Bezin.

I

■■ The first issue presented for review is whether the trial court erred in denying plaintiff Bezin's motion for partial summary judgment predicated on the theory that T. B. & Z. was not authorized to execute the Brown leases on behalf of the trustee. In reviewing the record we find that the trial court specifically denied the Bezin motion, but granted the motions of the Ginsburgs and Brown for complete summary judgment. We are precluded from considering the substance of Bezin's first contention by the well-settled rule that an order refusing to enter summary judgment is not appealable. (See *Bigelow-Liptak Corp. v. Mazzucco Construction Co.* (1972), 4 Ill. App. 3d 90, 280 N.E.2d 276; *Marshall Field & Co. v. Green* (1968), 96 Ill. App. 2d 6, 238 N.E.2d 244; *Simon v. Jones* (1968), 96 Ill. App. 2d 1, 238 N.E.2d 259.) Although we need not concern ourselves further with Bezin's contention that he was improperly denied partial summary judgment, even if we did not invoke this rule, we conclude that the trial court's disposition of the various motions for summary judgment was correct.

II

In examining whether summary judgment was appropriately granted to certain defendants it is necessary to determine a threshold issue— defendants' contention that the Leadingham deposition, filed in support of Bezin's motion for partial summary judgment, was invalid and not entitled to consideration by the trial court. The Leadingham deposition was taken by Bezin in the case of *Brown v. Milano*. Bezin was denied intervention in that case and the Leadingham deposition was never filed nor made a part of the *Brown* case.

■■■ A deposition may be used "for any purpose for which an affidavit

may be used" (Ill. Rev. Stat. 1975, ch. 110A, par. 212(a)(4)), and a motion for summary judgment may be supported by deposition. (Ill. Rev. Stat. 1975, ch. 110, par. 57; *Breault v. Feigenholtz* (1973), 54 Ill. 2d 173, 296 N.E.2d 3; *People ex rel. Scott v. Continental Can Co.* (1975), 28 Ill. App. 3d 1004, 329 N.E.2d 362). However, the rule allowing the use of deposition testimony in support of a motion for summary judgment contemplates that the deposition relied upon is one which has properly been made a part of the court record. Supreme Court Rule 207 prescribes the procedure for signing and filing depositions. (Ill. Rev. Stat. 1975, ch. 110A, par. 207.) The deposition must either be signed by the deponent or contain a waiver of signature. It is further required that the deposition be certified, sealed and filed with the clerk of the court. When no attempt is made to comply with the above rules the deposition is clearly informal and insufficient. *Schnoor v. Terlep* (1948), 399 Ill. 101, 77 N.E.2d 140; *Lippold v. Beanblossom* (1974), 23 Ill. App. 3d 595, 319 N.E.2d 548.

■■ The proposed use of the Leadingham deposition was clearly unauthorized. The deposition was improperly acquired—Bezin was not a party to the lawsuit in which the deposition was taken. (See Ill. Rev. Stat. 1975, ch. 110A, par. 202.) Because Bezin never became a party to that initial lawsuit, the unsigned deposition was never filed nor made a part of the court record in that case. In the instant case Bezin did not file the deposition with the court as required by rule, but merely made the deposition a part of his motion for summary judgment. We cannot accept Bezin's suggestion that a totally improper deposition can be transformed into an acceptable affidavit in complete disregard of the rules prescribing the form and manner in which depositions are to be obtained.

Objections to the use of a deposition filed in support of a motion for summary judgment may be raised in the trial court either by motion to strike or otherwise. (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847; *Anderson v. Dorick* (1975), 28 Ill. App. 3d 225, 327 N.E.2d 541.) An objection to the consideration of the Leadingham deposition was properly preserved in the trial court in the Ginsburgs' response to Bezin's partial motion for summary judgment. The judgment order and the memorandum decision of the trial court make no mention of the allegations contained in the Leadingham deposition and we must conclude that the court properly excluded the deposition from consideration in rendering its decision.

### III

The purpose of summary judgment is to determine whether there is a genuine issue as to a material fact that would require a trial. (*Reith v. General Telephone Co.* (1974), 22 Ill. App. 3d 337, 317 N.E.2d 369.)

Summary judgment is proper if the pleadings, exhibits, depositions and affidavits on file reveal that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1975, ch. 110, par. 57(3); *Hernandez v. Trimarc Corp.* (1976), 38 Ill. App. 3d 1004, 350 N.E.2d 202.) The right of the moving party to summary judgment must be free from doubt. (*Lesser v. Village of Mundelein* (1975), 36 Ill. App. 3d 433, 344 N.E.2d 29.) A reviewing court will reverse an order granting summary judgment if it is determined that a material question of fact does exist. *Econo Lease, Inc. v. Noffsinger* (1976), 63 Ill. 2d 390, 349 N.E.2d 1.

In the instant case, Bezin's complaint asserts the invalidity of the Brown leases on three separate theories. Bezin first claims that T. B. & Z. lacked authority to execute the leases on behalf of the trustee. His complaint alleges that the trustee had no knowledge of the leases and had not appointed T. B. & Z. as agent for purposes of executing leases. It further alleges that the Ginsburgs caused the property to be leased to their nominee, Brown. When the Leadingham deposition is excluded from consideration, Bezin's motion for partial summary judgment becomes a restatement of allegations in the complaint. Although Bezin attached a letter from Bauer to the trustee unilaterally attempting to revoke Harold Ginsburg's power of direction, this action is in direct conflict with the express terms of the trust agreement which requires all beneficiaries to join in modifications of the trust agreement and is, therefore, not persuasive.

The Ginsburgs answered the complaint claiming that the Brown leases were executed with full authority and that Harold Ginsburg, pursuant to his power of direction, had control of renting the property. The affidavit of James Ginsburg, filed in response to Bezin's motion for partial summary judgment, establishes a course of conduct between the trustee and T. B. & Z. evidencing T. B. & Z.'s authority to execute new leases on the trustee's behalf. The exhibits attached to the Ginsburg response indicate a managerial relationship between the trustee and the corporate entity of Turner, Bailey and Zoll, Inc. The Ginsburg affidavit states that Turner, Bailey and Zoll, Inc., assigned their management contracts to their successor, T. B. & Z. Brown's response to the Bezin motion stated that he was not the Ginsburgs' nominee and that T. B. & Z. had held themselves out as authorized agent of the trustee.

■■ ■ In response to the Ginsburg and Brown motions for summary judgment, Bezin referred to his own motion for partial summary judgment but filed no counteraffidavits in support thereof. If the party moving for summary judgment has provided facts which, if not controverted would entitle such a party to a judgment as a matter of law, the opposing party cannot rely upon his complaint or answer alone to

raise genuine issues of material fact. (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) Although the party opposing the motion need not file counteraffidavits, if the movant's affidavits are uncontested, the material facts stated therein must be accepted as true (*Amelco Electric Co. v. Arcole Midwest Corp.* (1976), 40 Ill. App. 3d 118, 351 N.E.2d 349), notwithstanding the existence of contrary averments in the adverse party's pleadings which merely purport to establish a *bona fide* issue of fact (*Anger v. Gottfried* (1975), 29 Ill. App. 3d 559, 331 N.E.2d 576.).

■■ The uncontradicted statements contained in the affidavit of James Ginsburg, and the attached correspondence between the trustee and its management agent evidence an agency relationship between the trustee and T. B. & Z. Since no evidence has properly been presented by Bezin to support the allegations of the complaint and to refute the statements in the Ginsburg affidavit, it was proper for the trial court to find that T. B. & Z. had authority to execute the particular leases in question.

## IV

■■ Bezin challenges the propriety of granting summary judgment in favor of Brown and the Ginsburgs on the additional ground that he has presented facts stating a valid cause of action based on fraud. It is elementary that a purchaser of an interest in real property takes subject to all validly existing leases of which he has actual or constructive notice. (Ill. Rev. Stat. 1975, ch. 30, par. 29.) The recordation of the Brown leases on October 3, 1975, served as constructive notice to subsequent purchasers of an encumbrance on the trust property. Although Bezin acquired the beneficial interest at the auction on October 4, 1975, the sale was not closed until October 20, some two weeks later, and we must conclude that a diligent examination of the title would have revealed their existence.

■■ Nowhere in the law is the rule of *caveat emptor* more strictly followed than in an arms length transaction involving an interest in real property. Yet by his own admission, contained in his deposition, Bezin never examined the title to the property before the auction sale or closing, nor sought advice of counsel, nor made an inquiry into the existence of outstanding leases on the property. He stated that he purchased the beneficial interest without relying on any representations as to leases. Bezin signed a terms of sale document issued by the Bank of Lincolnwood at the time of the sale which expressly stated that the bank made no warranties or representations as to the existence of leases. No reasonable explanation has been offered to palliate Bezin's obvious lack of diligence.

■■ Bezin concedes that where a defrauded party unreasonably fails to discover the fraud of which he complains, he is not entitled to relief.

(*Zanbetiz v. Trans World Airlines, Inc.* (1966), 72 Ill. App. 2d 192, 219 N.E.2d 98.) Even if we could ascribe some fraudulent motive to the actions of the defendants, Bezin's failure to take even the most rudimentary precautions before entering into the transaction, prevents him, as a matter of law, from prevailing on a fraud theory.

## V

The final hypothesis advanced in the complaint upon which Bezin seeks to invalidate the Brown leases relates to a restraining order issued in a separate law suit. On March 27, 1974, this order was entered by stipulation of the parties in the *Bauer* case, a lawsuit involving the Ginsburgs and Bauer. Neither Bezin, Brown nor T. B. & Z. were parties to that action. The restraining order there entered prohibited the Ginsburgs and Bauer from "selling, transferring, mortgaging or encumbering" the property which is the subject of this lawsuit.

Bezin claims that the action of the Ginsburgs in procuring the execution of the Brown leases violated the outstanding restraining order and, therefore, the leases are void as against public policy. The defendants argue that since Bezin was not a party to the *Bauer* case he cannot claim the protection of the order. Even assuming that the Ginsburgs acted in violation of the restraining order, Bezin cannot prevail on this theory. "Every order granting an injunction * * * is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Ill. Rev. Stat. 1975, ch. 69, par. 3—1.

■■ ■ Bezin does not claim a derivative right to the protection afforded by the *Bauer* restraining order but asserts that the execution of the leases in violation of the court order offends public policy. Although a court has the inherent right to compel the enforcement of its orders (*Board of Education v. Kankakee Federation of Teachers Local No. 886* (1970), 46 Ill. 2d 439, 264 N.E.2d 18, *cert. denied* (1971), 403 U.S. 904, 29 L. Ed. 2d 679, 91 S. Ct. 2203), this right does not extend to the public at large. As a general rule, where an injunction is granted and the decree operates *in personam*, an act done in violation of the injunction is not a nullity. The act is ordinarily legally effective, except as to persons who obtain the injunction and those claiming under him. (42 Am. Jur. 2d *Injunctions* §338 (1969).) Therefore, Bezin, as a stranger to the *Bauer* suit, acquired no protectible rights under the restraining order.

## VI

Finally we will address Bezin's contention that the trial court improperly dismissed T. B. & Z. and the Ginsburgs as party-defendants.

In rendering declaratory relief it is within the power of the trial court to grant consequential relief, and it should grant such relief as it finds necessary and proper to the determination of the controversy before it. (*La Salle National Bank v. International Limited* (1970), 129 Ill. App. 2d 381, 263 N.E.2d 506; *Interlake Iron Corp. v. Dravo Corp.* (1966), 68 Ill. App. 2d 167, 215 N.E.2d 137.) In order to effectuate complete relief and dispose of the entire controversy, all persons who are legally and beneficially interested in the subject matter of the litigation, and who may be affected by the decree should be made parties. *Oglesby v. Springfield Marine Bank* (1944), 385 Ill. 414, 52 N.E.2d 1000; *National Bank v. S.N.H., Inc.* (1975), 32 Ill. App. 3d 110, 336 N.E.2d 115.

■■ T. B. & Z. filed a motion to dismiss the complaint on the grounds that it failed to state a cause of action and sought no relief from T. B. & Z. T. B. & Z. has no alleged interest in the property which is the subject of this lawsuit. The complaint states only that T. B. & Z. acted without the authorization of the trustee. Even if this allegation were to be taken as true, the declaratory relief sought by Bezin would not have affected any interest of T. B. & Z. Bezin contends that T. B. & Z. might have been required to execute recordable cancellations of the Brown leases. Cancellation of the leases could have been approved or obtained by the trustee or by order of court. It follows that T. B. & Z.'s potential involvement in the lawsuit was too slight to require that it participate and the trial court properly granted its motion to dismiss.

■■ In its final order the trial court granted summary judgment in favor of the Ginsburgs and also dismissed the complaint on the merits as to those defendants. The Ginsburgs did not file a motion to dismiss but requested dismissal in their answer and again in their motion for summary judgment. Since summary judgment and dismissal are inconsistent forms of relief, the granting of dismissal in this case was not only superfluous but improper. We, therefore, vacate that part of the trial court's order dismissing the complaint as to the Ginsburgs but affirm the entry of summary judgment in their favor.

While overall we can sympathize with Bezin's self-imposed plight, duty compels us to follow the dictates of our law regardless of the harsh result with which Bezin is now beset. Thus, for the reasons stated in this opinion, the decision of the trial court is affirmed, except as it relates to the dismissal of the defendants Harold and James Ginsburg.

Affirmed as modified.

JOHNSON, P. J., and DIERINGER, J., concur.