RONALD B. SHIPKA et al., Plaintiffs-Appellees and Cross-Appellants, v. GIUSEPPE INSERRA, Indiv. and d/b/a Gino's, Defendant-Appellant and Cross-Appellee.

First District (6th Division) No. 1—90—1178

Opinion filed March 22, 1991.

Brown & Peters, of Chicago (Robert J. Peters and Michael I. Brown, of counsel), for appellant.

Segal & Segal, of Chicago (Marshall D. Segal, of counsel), for appellees.

JUSTICE LaPORTA delivered the opinion of the court:

Plaintiffs Ronald B. Shipka, Laverne Shipka, Keith Lord, and George Gelis, individually and as partners of 932 Rush Partnership, a beneficiary of La Salle National trust No. 113805, appeal from the order of the circuit court of Cook County denying attorney fees and costs in an action pursuant to a lease agreement. On appeal plaintiffs contend that the lease agreement does not require bad faith as a prerequisite for costs and attorney fees from defendant. They also con-

tend that their actions were not barred by the fact that they commenced litigation by seeking a declaratory judgment. Ill. Rev. Stat. 1989, ch. 110, par. 2—701.

The record discloses that on January 4, 1990, plaintiffs filed their complaint in the chancery division of the circuit court of Cook County seeking a declaratory judgment. In that complaint plaintiffs alleged that on or about June 1, 1982, defendant had entered into a lease for his restaurant located in the basement at 932 North Rush Street in Chicago, Illinois, which lease was to terminate on February 28, 1993. The complaint further alleged that the property was subsequently purchased by La Salle National Bank with the beneficial interests in plaintiffs.

The complaint quoted paragraph 3 of the rider to the lease, which provides that the lessor could terminate the lease upon payment of 12 months' rent at any time after the first three years of defendant's tenancy, but no later than six months prior to the end of the lease term, only if lessor intended to demolish the building or any substantial portion of it.

Paragraph 9 of the complaint alleged that the plaintiffs as assignees under the lease intended to demolish the building, had served the tenant with written notice of the termination of the lease as of February 28, 1990, and given notice to vacate. Defendant refused to vacate the premises. Plaintiffs requested the adjudication of the rights and liabilities of the parties and that the defendant pay damages incurred by plaintiffs as a consequence of defendant's failure to vacate the premises on or before February 28, 1990.

On March 2, 1990, plaintiffs moved for a summary judgment and for an accelerated hearing schedule, or for the setting of date for trial. In their motion plaintiffs stated that "defendant has acknowledged receipt of the written notice of Lessor's intention to demolish the building, but has stated that he will not vacate the premises at any time before February 28, 1993," the expiration date of the lease term. Plaintiffs also filed an amended complaint for declaratory judgment in which they requested that defendant "pay all damages incurred by plaintiffs as [a] consequence of defendant's failure or refusal to vacate the premises on or before February 28, 1990, including the payment of reasonable attorneys' fees pursuant to paragraph 15 of the lease."

In their second amended complaint, filed March 9, 1990, plaintiffs alleged their rights as assignees of the lease and again requested attorney fees pursuant to paragraph 15 of the lease. On April 6, 1990, defendant filed his counterclaim in which he alleged that plaintiffs had breached the lease by their interruption of his business activities.

At the hearing on April 9, 1990, the trial court heard arguments on plaintiffs' motion for summary judgment. The defendant contended that there was a question of material fact whether plaintiffs' building was truly being demolished pursuant to the lease or was merely being "rehabbed." The trial court held, however, that "from the depositions, affidavits and exhibits, *** no reasonable trier of fact could fail to agree that this building is intended to be substantially demolished." The court also held that the plaintiffs had "prevailed on the notice provisions in the Lease as well as on the legal issue about their rights as assignors or Lessors."

As to the award of attorney fees and costs pursuant to paragraph 15 in the lease, plaintiffs argued that "this is clearly a generic provision in the lease which covers all situations where the Lessee is in breach and when the Lessee fails to vacate the premises on March 1." However, the trial court held:

> "I think this is a situation where the suit was—although I ruled that the lessor was clearly entitled to possession, I think it was not a bad faith situation where the lessee was malicious or using bad faith to litigate.
>
> Accordingly, I will deny the petition for costs and fees under paragraph 15 of the lease."

Plaintiffs contend that the trial court's refusal to award attorney fees and costs to plaintiffs was clearly erroneous. For their contention plaintiffs rely on *Stride v. 120 West Madison Building Corp.* (1985), 132 Ill. App. 3d 601, 606, 477 N.E.2d 1318. In that case the court allowed attorney fees to plaintiffs pursuant to a provision in a lease which required the lessee to pay

> "the fees of counsel, agents and others retained by the Lessor, incurred in enforcing the Lessee's obligations hereunder or incurred by the Lessor in any litigation, negotiation or transaction which the Lessee causes the Lessor, without the Lessor's fault, to become involved or concerned."

The court concluded that where allowed by contract, attorney fees may be recovered by the successful litigant (*Stride*, 132 Ill. App. 3d at 606-07), and because an award for attorney fees is not penal in nature, whether the parties acted in good faith is irrelevant. See also *Presbyterian Distribution Service v. Chicago National Bank* (1960), 28 Ill. App. 2d 147, 161, 171 N.E.2d 86.

The provision in the lease in our case reads as follows:

> "15. Lessee shall pay upon demand all Lessor's costs, charges and expenses, including fees of attorneys, agents and others retained by Lessor, incurred in enforcing any of the obli-

gations of Lessee under the lease or in any litigation, negotiation or transaction in which Lessor shall, without Lessor's fault, become involved through or on account of this lease."

There is no language in this provision that payment is conditional on the bad faith of either party, and based on *Stride*, the presence or absence of bad faith is irrelevant. We agree with plaintiffs that they are entitled to attorney fees and costs incurred in bringing this action.

■ Defendant nevertheless maintains that the award of attorney fees in an action for declaratory judgment is inappropriate because the trial court only adjudicates the rights and liabilities of the parties. However, a court in an action for declaratory relief can within its equitable powers give other relief and dispose of issues as necessary. (See *Chicago Division of the Illinois Education Association v. Board of Education* (1966), 76 Ill. App. 2d 456, 473, 222 N.E.2d 243.) Indeed, it is within the power of the trial court to grant any consequential relief and dispose of the entire controversy. *Bezin v. Ginsburg* (1978), 59 Ill. App. 3d 429, 440, 375 N.E.2d 468.

In this case the trial court has already given relief to plaintiffs by granting summary judgment and ordering a deadline for defendant to vacate the property. In ruling on the summary judgment motion, the court ordered plaintiff to pay to defendant certain monies due as provided in paragraph 3 of the lease rider for early termination of the lease term, to be adjusted as set out in the order. We affirm the trial court's ruling.

We find that plaintiffs are also entitled to attorney fees and costs pursuant to paragraph 15 of the lease to be determined on remand.

Accordingly, the judgment of the circuit court is affirmed in part, reversed in part and the cause remanded with directions to determine plaintiffs' claims for attorney fees and costs arising from this action.

Judgment affirmed in part, reversed in part and remanded with directions.

McNAMARA and EGAN, JJ., concur.