**Marion Busch Simon, Plaintiff-Appellant, v. James C. Jones and Mary Sue Jones, His Wife, Defendants-Appellees.**

**Gen. No. 51,787.**

First District, Third Division.

June 6, 1968.

1

J. Edward Jones, of Blue Island, for appellant.

Ebers, Metskas & Bjorvik, of Chicago, for appellees.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

Plaintiff, Marion Busch Simon, filed an action for specific performance of a real estate contract. Defendants, James C. and Mary Sue Jones, filed a motion to strike the complaint. That motion was denied and defendants answered. Plaintiff then filed a motion for summary judgment supported by affidavits. Defendants' objections to the motion for summary judgment were overruled and a decree for specific performance was entered in favor of plaintiff on February 23, 1965.

A motion by defendants to vacate that decree was filed March 12, 1965, and sustained on March 30th, and counteraffidavits to plaintiff's motion for summary judgment were filed. Plaintiff filed a motion to strike the counteraffidavits, and on May 26, 1965, that motion was denied, as was plaintiff's motion for summary judgment.

On October 21, 1965, the following order was entered:

"This cause coming on to be heard upon the regular call of cases, and there being none present to Answer;

"IT IS HEREBY ORDERED that the entitled cause be and the same is hereby dismissed for want of Prosecution."

Without requesting the trial court to vacate the order of dismissal, plaintiff filed a notice of appeal directed to the Supreme Court of Illinois. The case was transferred to this court and was assigned number 51,443. De-

fendants filed a motion to dismiss the appeal, which was allowed on June 30, 1966.

The plaintiff then filed a petition for leave to appeal within one year (assigned number 51,787) which was allowed. The record, abstract and brief from case number 51,443 were incorporated by reference into this case. Defendants filed a motion to dismiss the appeal which motion was taken with the case.

The grounds set forth in that motion were that the question involved has become moot because a portion of the property has been conveyed to the county; that plaintiff cannot seek reversal of an order (of October 21, 1965) which she admits was properly entered by the trial court, and that the abstract does not contain the orders appealed from.

Plaintiff argues that she was standing on her motion for summary judgment and therefore welcomed the order of dismissal, inasmuch as it was necessary that there be a final and appealable order. She argues that this order must be reversed so that this court can review the trial court's denial of her motion for summary judgment. On the other hand, defendants argue that a denial of a motion for summary judgment is not reviewable. They cite Home Indemnity Co. v. Reynolds & Co., 38 Ill App2d 358, 187 NE2d 274, wherein a party sought review of a denial of its motion for summary judgment after a trial on the merits and a verdict in favor of the other party. The court held that the ruling was not reviewable and said on page 367:

"We hold that if a motion for summary judgment is improperly denied the error is not reversible for the result becomes merged in the subsequent trial. Therefore, even if an examination of the affidavits, counteraffidavits, depositions and exhibits were to lead to the conclusion that either one or both of Home Indemnity's motions should have been granted it

3

would avail nothing, for the error cannot be reviewed."

Plaintiff argues that the instant case differs from the Home Idemnity case, supra, in that there was no trial on the merits because she chose to stand on her motion for summary judgment and proceed no further with the presentation of her case. (This position of plaintiff's is not clear from the record in that there is no showing of the intention to stand on the motion for summary judgment.) She analogizes this to the method in pre-Civil Practice Act days whereby a plaintiff would stand by her declaration if a demurrer thereto had been sustained. In those cases plaintiff could elect to stand by her declaration and the suit would therefore be dismissed. Plaintiff could then appeal the ruling on the demurrer as well. However, in those cases the dismissals were final rulings on the legal sufficiency of the declaration. In the instant case the dismissal was entered as a matter of routine procedure when plaintiff did not appear for the trial call. She did not seek to have that order vacated by the trial court. There was no final ruling on the merits of the claim, although plaintiff had the opportunity to present her evidence and obtain such a ruling. When the court denied the motion for summary judgment it did not say that plaintiff had no valid cause or claim, but merely held that there was a genuine issue of material fact which must await the presentation of evidence for a determination.

██ Had plaintiff moved to dismiss her case after the court's denial of her motion for summary judgment, she could not have appealed from the final order of dismissal because it would have been entered on her own motion. Neither could she obtain review of the denial of the motion for summary judgment because she would first have to obtain a reversal of the order of dismissal which bears no relation to the merits of the case and

4

could not be reversed merely because of an erroneous interlocutory ruling by the trial court on the merits. There is no sound reason why an order denying a motion for summary judgment may be reviewed after a dismissal of the case for want of prosecution when an identical order is not reviewable after an ensuing trial and judgment thereon. Plaintiff was not in any way barred from proceeding to a full hearing of her case by the order denying her motion, and if such procedure were to be condoned it would give an unfair advantage to the party who sought to avoid a trial on the merits.

 The law is clear that a denial of a motion for summary judgment, not being a final order, is not appealable. (LaSalle Nat. Bank v. Little Bill "33" Flavors Stores, Inc., 80 Ill App2d 298, 225 NE2d 465; Kern v. Chicago & E. I. R. Co., 31 Ill App2d 300, 175 NE2d 408.) Plaintiff cannot by refusing or failing to proceed, thereby inviting a dismissal of her suit, accomplish indirectly what cannot be done directly. A denial of a motion for summary judgment is not, at the time entered, and never becomes a reviewable order. If an order denying a motion for summary judgment were reviewable as a matter of right after dismissal of the suit for want of prosecution, a plaintiff could effectively obtain review of any interlocutory order by failing to go forward with the presentation of his case.

Plaintiff offers no reason in support of her request for a reversal of the order of October 21, 1965, dismissing her case other than it would be necessary to obtain a review of the order of March 30, 1965. The latter (denying summary judgment) we cannot review. The order of October 21, 1965, according to plaintiff, was properly entered. That leaves this court with nothing before it to review and the appeal must be dismissed. Because we have reached this conclusion we need not consider the other grounds set forth in defendants' motion to dismiss

the appeal, or the contention of plaintiff based upon alleged errors of the court in denying the motion for summary judgment.

Appeal dismissed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.