CEDRIC SPRING & ASSOCIATES, INC., Plaintiff-Appellee, *v.* N.E.I. CORPORATION, Defendant-Appellant.

Second District   No. 78-579

Opinion filed March 14, 1980.

William J. Stevens, of Foss, Schuman & Drake, of Chicago, for appellant.

Gates W. Clancy and James S. Mills, both of Geneva, for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

The defendant, N.E.I. Corporation, appeals from an order of the Circuit Court of Kane County granting judgment for the plaintiff, Cedric Spring & Associates, Inc., in the sum of $1,612.70 plus costs as a sanction

for defendant's failure to produce documents and present witnesses at trial. The defendant also appeals from an order denying its motion for summary judgment.

The plaintiff filed an action in contract against three defendants, in which it sought to recover the price for goods sold and delivered but not paid for. The plaintiff's amended complaint alleged that N.E.I. Corporation, N.E.I. Illinois, and Dominion Golf and Country Club, Inc., ordered and received certain calendars and monthly planning schedules without paying for them. The record indicates that N.E.I. Corporation, a Delaware corporation, has its principal place of business in New York, while both N.E.I. Illinois and Dominion Golf and Country Club are Illinois corporations. N.E.I. Illinois is a subsidiary of N.E.I. Corporation, while Dominion is a subsidiary of N.E.I. Illinois. Of the three defendants named, only N.E.I. Corporation answered. In its answer, N.E.I. Corporation admitted on information and belief that its codefendant Dominion had ordered the disputed goods but denied any liability for such merchandise. Default judgments in the sum of $1,612.70 were entered against both N.E.I. Illinois and Dominion. N.E.I. Illinois and Dominion are not involved in this appeal.

N.E.I. Corporation moved for summary judgment on December 22, 1976. An officer of N.E.I. Corporation filed an affidavit in support of this motion. The plaintiff did not file any counteraffidavits. The court denied the defendant's motion for summary judgment on April 6, 1977. On July 26, 1978, the court below set the cause for trial on October 17, 1978.

Pursuant to Supreme Court Rule 237(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 237(b)), the plaintiff served notice on N.E.I. Corporation on August 11, 1978, to produce certain documents and witnesses at trial. In particular, the notice requested that the defendant present at trial two nonresident officers of N.E.I. Corporation, William R. Kohler, a resident of New York, and James E. Townsend, a resident of New Orleans. Three days before the bench trial, that is, on the Saturday before the Tuesday, October 17, 1978, trial date, counsel for the defendant informed the plaintiff that the witnesses would not be presented nor the documents produced. Before trial and at trial, defense counsel offered to stipulate to any facts which the plaintiff intended to prove, but these offers were refused. Thereupon, the plaintiff moved for a default judgment in the amount of $1,612.70 plus costs. The trial judge allowed the defendant's answer to be stricken and granted judgment as requested, as a sanction under Supreme Court Rule 219(c) for the defendant's failure to comply with the notice to produce. Ill. Rev. Stat. 1977, ch. 110A, par. 219(c).

The denial of a motion for summary judgment is not immediately appealable since it is not a final or an appealable order. (*Simon v. Jones* (1968), 96 Ill. App. 2d 1, 5; *La Salle National Bank v. Little Bill "33"*

*Flavors Stores Inc.* (1967), 80 Ill. App. 2d 298, 299; *Kern v. Chicago & Eastern Illinois R.R. Co.* (1961), 31 Ill. App. 2d 300, 312.) While it has also become well established that, after an evidentiary trial, a previous order denying a motion for summary judgment is neither appealable nor reviewable upon appeal *(Home Indemnity Co. v. Reynolds & Co.* (1962), 38 Ill. App. 2d 358, 367; *Sears, Roebuck & Co. v. Employers Mutual Insurance* (1972), 6 Ill. App. 3d 10, 12; *Pleasure Driveway & Park Dist. v. Kurek* (1975), 27 Ill. App. 3d 60, 67; *Casson v. Nash* (1977), 54 Ill. App. 3d 783, 788, *aff'd* (1978), 74 Ill. 2d 164), the question of the reviewability of the denial of a motion for summary judgment where the case is on appeal from a final judgment and where there has been no trial on the merits is not so clear or well established.

In *Home Indemnity Co. v. Reynolds & Co.* (1962), 38 Ill. App. 2d 358, 367, the court held that an order denying a motion for summary judgment, unlike other interlocutory orders, does not become reviewable on appeal after a final judgment has been rendered, because the result of such denial becomes merged in the actual trial where evidence was received and witnesses were heard, seen and cross-examined.

In *Simon v. Jones* (1968), 96 Ill. App. 2d 1, the same court broadened the scope of its holding in *Home Indemnity Co.* In the *Simon* case, the plaintiff, whose motion for summary judgment had been denied, permitted her case to be dismissed for want of prosecution. On appeal, she argued that since she had not had a trial on the merits, the rationale of *Home Indemnity Co.* was not applicable and the court should review the denial of her motion for summary judgment. The court in rejecting this argument found that to permit plaintiff to secure review by avoiding trial in this manner would allow her to do indirectly what she could not do directly. The court then stated:

> "A denial of a motion for summary judgment is not, at the time entered, and never becomes a reviewable order." (96 Ill. App. 2d 1, 5.)

It can be seen that this statement of the law is somewhat broader than the factual basis upon which it rests. The underlying reasons for the court's decisions in *Home Indemnity Co.* and in *Simon* do not support the blanket proscription announced in *Simon* that denial of a motion for summary judgment never becomes reviewable. Relying on the pronouncement of *Simon* that a denial of a motion for summary judgment is never reviewable, the court in *Bezin v. Ginsburg* (1978), 59 Ill. App. 3d 429, 435, and in *Bigelow-Liptak Corp. v. Mazzucco Construction Co.* (1972), 4 Ill. App. 3d 90, 95, held that it was precluded from reviewing the denial of a motion for summary judgment even though there had been no trial on the merits nor any action on the part of the moving party that in any way precluded a trial. However, in *Reznick*

*v. Home Insurance Co.* (1977), 45 Ill. App. 3d 1053, the court, in a similar situation, not only reviewed the denial of a motion for summary judgment, but reversed the trial court and remanded the case with directions to enter judgment on the motion for summary judgment.

We can discern no reason in the rationale of *Home Indemnity Co.* or in that of *Simon v. Jones* that would or should preclude us from reviewing the denial of a motion for summary judgment where the case is on appeal before us from a final judgment and there has been no evidentiary hearing or trial, and the party seeking such review has not in any way prevented or avoided such hearing or trial. We, therefore, consider defendant's posture to ascertain whether the denial of its motion for summary judgment should be reviewed. Defendant contends that the denial of its motion for summary judgment should be reviewed since there was no trial in its case and it was willing and able to proceed to trial. The court, the defendant argues, prevented the holding of the trial by the imposition of sanctions, and consequently neither the rationale of *Home Indemnity Co.* nor that of *Simon* should preclude review.

■■ While defendant contends that it was ready and willing to proceed to trial, it was its failure to comply with the notice given pursuant to Supreme Court Rule 237(b) that led to the imposition of sanctions by the court which in turn resulted in the granting of a default judgment without trial. Under these circumstances, the rationale of *Simon* is applicable, and we hold that the denial of defendant's motion for summary judgment is not reviewable.

■■ The remaining issue before this court concerns the imposition of sanctions against the defendant by the court. The law is well settled in Illinois that in matters of discovery, including notices to produce under Supreme Court Rule 237(b), the power vested in the trial court requires "* * * a careful exercise of its discretion in order to balance the needs of seeking the truth against the needless harassment of a party litigant." (*Cohn v. Board of Education* (1970), 118 Ill. App. 2d 453, 457; *O'Brien v. Walker* (1977), 49 Ill. App. 3d 940, 947.) However, Supreme Court Rule 237(b) specifically provides that "[u]pon a failure to comply with the notice, the court may enter an order that is just, including any order provided for in Rule 219(c) that may be appropriate." (Ill. Rev. Stat. 1977, ch. 110A, par. 237(b).) One of the sanctions which a court may impose against a noncomplying party under Rule 219(c) is the striking of the offending party's pleadings and the entry of a default judgment against him. Ill. Rev. Stat. 1977, ch. 110A, par. 219(c)(v), (vi).

Whether this particular sanction is imposed rests largely within the broad discretion of the trial court (*Sanchez v. Phillips* (1977), 46 Ill. App. 3d 430, 435), the exercise of which will not be disturbed unless an abuse is apparent. (*Quarles v. Nationwide Insurance Co.* (1978), 66 Ill. App. 3d

455, 465; *Sanchez v. Phillips* (1977), 46 Ill. App. 3d 430, 435.) Although pleadings may be stricken and a default judgment entered for non-compliance with discovery rules or orders, this sanction is one of last resort and is not encouraged. Such drastic action is not to be invoked unless the noncomplying party demonstrates a deliberate and contumacious disregard of the court's authority. *People ex rel. Difanis v. Futia* (1978), 56 Ill. App. 3d 920, 927; *Williams v. City of Chicago* (1977), 54 Ill. App. 3d 974, 978; *Sanchez v. Phillips* (1977), 46 Ill. App. 3d 430, 435.

The purpose of imposing sanctions under Supreme Court Rule 219(c) is to compel cooperation rather than to dispose of litigation as a means of punishing the noncomplying party. (*Conover v. Smith* (1974), 20 Ill. App. 3d 258, 260.) The court may not invoke sanctions which are designed to impose punishment rather than to achieve or effect the objects of discovery. (*People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 196; *Savitch v. Allman* (1975), 25 Ill. App. 3d 864, 868.) In addition, sanctions are to be imposed only when noncompliance with discovery rules or orders is found to be unreasonable and the order entered is just. (*In re Estate of Fado* (1976), 43 Ill. App. 3d 759, 762; *Mason v. Village of Bellwood* (1976), 37 Ill. App. 3d 543, 546.) A just order is one which, to the degree possible, insures both discovery and a trial on the merits. (*Williams v. City of Chicago* (1977), 54 Ill. App. 3d 974, 978; *In re Estate of Fado* (1976), 43 Ill. App. 3d 759, 763.) A default judgment entered as a sanction for noncompliance with discovery rules or orders under Rule 219(c) should be set aside when a trial on the merits may be held without visiting hardship or prejudice on the parties. (*612 North Michigan Avenue Building Corp. v. Factsystem, Inc.* (1975), 34 Ill. App. 3d 922, 927.) Where the trial court imposes a sanction against a noncomplying party pursuant to Rule 219(c), the offending party on appeal has the burden of establishing that his failure to comply with the court's discovery order was justified by extenuating circumstances or events. *Sanchez v. Phillips* (1977), 46 Ill. App. 3d 430, 434; *Savitch v. Allman* (1975), 25 Ill. App. 3d 864, 869; *Schwartz v. Moats* (1971), 3 Ill. App. 3d 596, 599.

In light of these established principles, a careful review of the record in this case indicates that the trial court clearly abused its discretion in striking the defendant's answer and entering a default judgment against N.E.I. Corporation. For the reasons set forth below, we find that the defendant's conduct here did not approach the limits of a deliberate and contumacious disregard of the court's authority.

The record indicates that the defendant did not comply with the notice to present witnesses and produce documents, although it had five weeks within which to do so. Clearly, the defendant should have complied with the notice to produce. While we do not condone the defendant's conduct here, we believe that the record fails to demonstrate

any act or omission on the part of the defendant sufficient to warrant the drastic sanction of a default judgment. In light of other facts present in the record, the defendant's failure to comply, by itself, did not constitute a deliberate and contumacious disregard of the court's authority or the Supreme Court Rules.

Of particular significance is the fact that there is no indication in the record that the defendant has engaged in a scheme of deliberate defiance of the rules of discovery and the court's authority or has attempted to stall significant discovery. (Compare *612 N. Michigan Avenue Building Corp. v. Factsystem, Inc.* (1975), 34 Ill. App. 3d 922, 926-27.) To the contrary, there is sufficient evidence in the record to demonstrate the defendant's willingness to cooperate with both the plaintiff and the court. For example, on the Thursday or Friday of the week before trial, the defendant called counsel for the plaintiff and informed him that he would be willing to fly the two witnesses to Illinois if the plaintiff would pay the costs. He also offered to make other arrangements if his failure to comply would prejudice the plaintiff's case. The plaintiff's counsel took the position that he was going to proceed to trial whether the two witnesses were present or not. The record also indicates that defense counsel offered, both before trial and at trial, to stipulate to any facts which the plaintiff intended to prove by the testimony of the witnesses and the information requested in the notice to produce. The plaintiff refused these offers, explaining that it could not determine which facts, if any, it would stipulate to without a prior examination of the defendant's corporate records.

It is also significant that there is no evidence in the record to indicate that the plaintiff ever attempted to secure the testimony of the two witnesses through less costly or less burdensome means, such as the use of an evidence deposition under Supreme Court Rule 208. (Ill. Rev. Stat. 1977, ch. 110A, par. 208.) The plaintiff's position essentially is that it could require the presence of the two nonresident witnesses in Illinois on a $1600 matter merely by serving notice under Rule 237 without tendering costs or without having made any attempt to conduct an evidence deposition pursuant to Rule 208. A fair reading of the record indicates that the plaintiff was attempting to carry out its discovery procedure at trial under the provisions of Rule 237(b).

Given the extenuating circumstances that the plaintiff failed to take an evidence deposition or other method of discovery prior to trial; that the witnesses were nonresidents of Illinois and were located at great distances from Illinois; that the cause involved a dispute over merchandise worth approximately $1,600; that the defendant advanced a reasonable explanation at trial for not complying with the motion to produce, that is, the cost of transporting the witnesses to Illinois; and that the

defendant offered to stipulate on two separate occasions and offered to make alternative arrangements before trial, we determine that the defendant's conduct did not amount to a deliberate and contumacious disregard of the court's authority.

■■ Supreme Court Rule 219(c) provides for a variety of flexible methods of imposing sanctions necessary to accomplish discovery, short of the drastic measure of entering a default judgment. As was stated in *Schwartz v. Moats* (1971), 3 Ill. App. 3d 596, 599, "[t]he severity of the sanction should be circumscribed by the conduct of the offending party." Rather than compelling cooperation to achieve the objects of discovery, the imposition of the drastic sanction of a default judgment here visited a harsh punishment on the defendant. We believe that the trial court could have entered a sanction more in accordance with the intent and spirit of Supreme Court Rule 219(c) than was the striking of the defendant's answer and the entry of judgment for the plaintiff. (See, *e.g., Schwartz v. Moats* (1971), 3 Ill. App. 3d 596, 599.) A less drastic sanction will allow both appropriate discovery and a trial on the merits without visiting hardship or prejudice on the parties. Therefore, given the particular facts and circumstances of the present situation, we hold that the trial court transgressed the outer limits of the discretion which is vested in it to compel compliance with Rule 237(b). In imposing the extreme and final sanction of a default judgment, the trial court clearly abused its discretion. Justice and fundamental fairness require that the defendant be given an opportunity to contest the merits of the cause.

Accordingly, we reverse the judgment in favor of the plaintiff and against the defendant and vacate the order of the trial court striking the answer of the defendant. We remand the cause for trial and with directions that the trial court impose such permissible sanctions against the defendant as are consistent with this opinion.

Reversed and remanded with directions.

SEIDENFELD, P. J., and WOODWARD, J., concur.