DICK LASHBROOK CORPORATION, Plaintiff-Appellant and Cross-Appellee, v. PINEBROOK FOUNDATION, INC., Defendant-Appellee and Cross-Appellant.

Third District   No. 3—84—0659

Opinion filed June 19, 1985.

Harold H. Kuhfuss, of Kuhfuss, Kuhfuss & Kepple, and Richard P. Wherry, both of Pekin, for appellant.

Beth J. Fitch, of Swain, Johnson & Gard, of Peoria, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff owns and operates WVEL-AM, a radio station in Pekin. The defendant owns and operates WPEO-AM, another Peoria radio station. The defendant had for some time been airing a prerecorded religious program distributed by Koine Radio Agency. In 1983, the plaintiff contracted with Koine to broadcast the same religious program. The defendant advised Koine that it would discontinue the religious program unless it was the exclusive Peoria area station allowed to air the show. Koine then exercised a 28-day cancellation provision in its contract with the plaintiff. The plaintiff brought suit in the circuit court of Tazewell County against the defendant for interference with its contract.

In the circuit court, the plaintiff filed a motion for summary judgment. The motion was denied. The plaintiff then refused to proceed with the suit, electing instead to stand on its motion for summary judgment. The circuit court dismissed the suit with prejudice when the plaintiff failed to proceed. This appeal by the plaintiff followed. The defendant cross-appealed from an order denying its post-trial motion for costs of suit.

In the appellate court the defendant filed a motion to dismiss the appeal on the theory that the circuit court issued no final appealable order. That motion was taken with the case.

■■ ■ Generally, our rules of court provide that, except in special circumstances, only final judgments of the circuit court are appealable. (87 Ill. 2d Rules 303, 304.) In applying those rules to cases where the circuit court has denied a motion for summary judgment, where the denial of the request for summary judgment is cited as error committed by the circuit court, there have been a number of seemingly inconsistent appellate opinions. Several of those opinions have been

brought to our attention by the written arguments of the litigants in this case. Before determining the merits of the defendant's motion to dismiss, it is appropriate to discuss each of those cases and the factual setting in which a similar issue was raised in each case.

In *Kern v. Chicago & Eastern Illinois R.R. Co.* (1961), 31 Ill. App. 2d 300, 175 N.E.2d 408, stockholders of the defendant railroad brought suit seeking a declaratory judgment finding that the defendant illegally amended its bylaws, prejudicing the plaintiffs' rights as minority shareholders. The plaintiffs and the defendant filed motions for summary judgment. The trial court granted the defendant's motion and denied the plaintiffs' motion. On appeal by the plaintiffs, the appellate court held:

> "[W]hile we have concluded that the chancellor erred in sustaining defendants' motion, it does not follow that he erred in denying plaintiffs' motion. There is not and there cannot be an appeal from the order denying plaintiffs' motion. That is not a final order nor is there any provision for an appeal from such an order. [Citation.] Therefore, the cause must be remanded." (*Kern v. Chicago & Eastern Illinois R.R. Co.* (1961), 31 Ill. App. 2d 300, 312, 175 N.E.2d 408, 414.)

We read the *Kern* case as concluding that an order denying a motion for summary judgment is interlocutory, not final. Further, *Kern* concluded that when faced with cross-motions for summary judgment, where one motion is properly denied, the court is not obligated to grant the opposing motion. Accord, *Beverly Bank v. Alsip Bank* (1982), 106 Ill. App. 3d 1012, 436 N.E.2d 598.

A year after *Kern*, the appellate court rendered opinions in two cases, *Bogdan v. Ausema* (1962), 33 Ill. App. 2d 294, 179 N.E.2d 401, and *Home Indemnity Co. v. Reynolds & Co.* (1962), 38 Ill. App. 2d 358, 187 N.E.2d 274. In *Bogdan*, the plaintiff brought suit on a note. She filed a motion for summary judgment which the trial court denied. An appeal followed. According to the reported decision in that case:

> "[The plaintiff] elected to stand on her motion and refused to proceed with the case. The trial court dismissed the suit at plaintiff's cost and [the] appeal followed." (*Bogdan v. Ausema* (1962), 33 Ill. App. 2d 294, 296, 179 N.E.2d 401.)

The decision went on to consider the merits of the trial court's order denying the plaintiff's motion, an order that was interlocutory in character. The decision upheld the order of denial, finding that there were questions to be determined by a trier of fact. However, it is important to note that the *Bogdan* court found the dismissal by the trial

court to be "a final judgment *** entered for defendants."

In *Home Indemnity*, the plaintiff issued an employee's fidelity bond to the defendant. The defendant sought reimbursement on the bond for acts of its employees which were, according to the plaintiff, excluded from coverage. The plaintiff sought a declaratory judgment to judicially determine the coverage question. Its motion for summary judgment was denied and a jury trial followed, resulting in a verdict for the defendant. On appeal, the plaintiff asserted that its earlier request for summary relief was improperly denied. In addressing this assertion, the *Home Indemnity* court held:

> "[I]f a motion for summary judgment is improperly denied the error is not reversible for the result becomes merged in the subsequent trial." (*Home Indemnity Co. v. Reynolds & Co.* (1962), 38 Ill. App. 2d 358, 367, 187 N.E.2d 274, 278.)

There was no issue in *Home Indemnity* as to the existence of a final judgment, as the verdict of the jury was clearly that. The court did address the issue of whether it could consider alleged errors in the trial court's ruling on the interlocutory summary judgment question, and concluded that under the particular facts, any error in that interlocutory ruling was merged in the subsequent jury verdict.

No final order was present under the facts of *La Salle National Bank v. Little Bill "33" Flavors Store, Inc.* (1967), 80 Ill. App. 2d 298, 225 N.E.2d 465. In that case, the plaintiff leased commercial space to the defendant on a five-year lease. After two years of the lease term, the defendant defaulted on the lease payments. The plaintiff caused the defendant to be served with a five-day notice that provided if rent was not paid within five days the lease would be terminated. No further action was taken for one year, when the plaintiff sued and prayed for 13 months' rent. The defendant moved for summary judgment, urging that the lease was terminated pursuant to the notice, and therefore no rent was due. Summary judgment was denied and the defendant appealed. The *Little Bill* court stated that an order denying a motion for summary judgment has been held to be neither final nor appealable because it is interlocutory; it does not terminate the litigation nor finally dispose of the rights of the parties. Since the court had no jurisdiction to consider appeals from interlocutory orders, the *Little Bill* appeal was dismissed.

A later case, *Simon v. Jones* (1968), 96 Ill. App. 2d 1, 238 N.E.2d 259, contains a "blanket proscription" concerning the reviewability of denials of summary judgment. The case involved an action brought by the plaintiff for specific performance of a real estate contract. The plaintiff's motion for summary judgment was denied by the trial

court. Thereafter, the cause of action was dismissed for want of prosecution. An appeal followed in which the plaintiff contended that her motion for summary judgment was erroneously denied. The defendant sought to have the appeal dismissed, arguing that a denial of a motion for summary judgment is not reviewable. The *Simon* court dismissed the appeal on defendant's motion, remarking:

> "The law is clear that a denial of a motion for summary judgment, not being a final order, is not appealable. [Citations.] Plaintiff cannot by refusing or failing to proceed, thereby inviting a dismissal of her suit, accomplish indirectly what cannot be done directly. A denial of a motion for summary judgment is not, at the time entered, and never becomes a reviewable order. If an order denying a motion for summary judgment were reviewable as a matter of right after dismissal of the suit for want of prosecution, a plaintiff could effectively obtain review of any interlocutory order by failing to go forward with the presentation of his case." (*Simon v. Jones* (1968), 96 Ill. App. 2d 1, 5, 238 N.E.2d 259, 261.)

The court's statement in *Simon* broadens considerably the previously understood proscription which permitted some review of interlocutory summary judgment orders, and is certainly broader than necessary under the facts in *Simon*. Mrs. Simon's action was dismissed for want of prosecution. It was this order of the trial court from which Mrs. Simon appealed. And an order dismissing an action for want of prosecution is not a final order.

> "A final judgment has been defined as a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit. [Citations.] We have also stated on many occasions that a judgment is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. [Citations.] The order or judgment in this case, dismissing the cause for want of prosecution, is not a final order since the plaintiffs had an absolute right to refile the action against the same party or parties and to reallege the same causes of action." (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 112, 435 N.E.2d 480, 482. Accord, *Wold v. Bull Valley Management Co.* (1983), 96 Ill. 2d 110, 449 N.E.2d 112.)

Clearly, then, the appeal in *Simon* was properly dismissed, but not because it was an appeal from the order denying summary judgment, but because it was an appeal from an order dismissing the cause for want of prosecution. Such orders are interlocutory where the right to

refile in the trial court exists.

Simon was followed by *Bigelow-Liptak Corp. v. Mazzucco Construction Co.* (1972), 4 Ill. App. 3d 90, 280 N.E.2d 276, which, while citing the broad proscriptions of *Simon,* also relied on a consideration of the merits of the trial court's action in denying the motion for summary judgment. Similarly, the court in *Bezin v. Ginsburg* (1978), 59 Ill. App. 3d 429, 375 N.E.2d 468, quoted the expansive language from *Simon* while considering the merits of the lower court's denial of summary judgment and concluding that the denial was proper. Thus, both *Bigelow* and *Bezin,* while citing *Simon,* evidence a reluctance, by their failure to rely solely on *Simon* as authority, to fully adopt the "blanket proscription" which arguably was *dicta* in the *Simon* opinion.

In *Cedric Spring & Associates, Inc. v. N.E.I. Corp.* (1980), 81 Ill. App. 3d 1031, 402 N.E.2d 352, the appellate court specifically limited the *Simon* decision. In *Cedric Spring,* the plaintiff filed an action in contract against three defendants. One defendant, N.E.I. Corp., filed for summary judgment, a request which was denied by the trial court. The cause proceeded to the day of trial, and the defendant appeared, but without complying with a previous notice to produce. As a sanction for the defendant's failure to comply with the notice, the trial court entered a default judgment in favor of the plaintiff. The defendant appealed from this final order, the default judgment order, and alleged as one error in its argument on appeal the trial court's denial of its request for summary judgment. Relying on language in some of the authorities previously referred to, the plaintiff urged that the decision of the lower court on the summary judgment motion was not reviewable. The *Cedric Spring* justices did not agree. That court could discern no reason

> "that would or should preclude us from reviewing the denial of a motion for summary judgment where the case is on appeal before us from a final judgment and there has been no evidentiary hearing or trial, and the party seeking such review has not in any way prevented or avoided such hearing or trial." (*Cedric Spring & Associates, Inc. v. N.E.I. Corp.* (1980), 81 Ill. App. 3d 1031, 1034, 402 N.E.2d 352, 355.)

Indeed, the general rule provides that on appeal from a final judgment the court may consider and review interlocutory and intermediate decisions or orders where they have been properly preserved and presented, and provided a separate appeal did not lie from such orders or decisions. (2 Ill. L. & Prac. *Appeal & Error* sec. 651 (1953).) The trial court's disposition of the summary judgment request, being just one of many interlocutory orders presented before the final, de-

fault judgment, the *Cedric Springs* court found the matter subject to its review. However, it concluded that the defendant could not present itself as a party that had not in any way prevented or avoided a hearing or trial, as its own failure to comply with the notice to produce had prompted the sanctions of the trial court.

■ From the preceding authorities, we conclude that the order of the circuit court of Tazewell denying the plaintiff's motion for summary judgment was an interlocutory order, and our jurisdiction to review that order, and any other intermediate orders entered by the circuit court, is contingent on the finality of the order of dismissal. That order reads as follows:

> "It appearing to the Court that the Plaintiff, Dick Lashbrook Corporation, has filed herein its Election to Stand on its Motion for Summary Judgment filed herein on December 8, 1983, which Motion was denied on September 4, 1984, and refuses to proceed further;
>
> It is therefore hereby ordered that said action be and the same is hereby dismissed with prejudice."

The language, "dismissed with prejudice," connotes finality. However, a refusal to proceed or a want of prosecution have no such connotation of finality. In another case where a similar inconsistency existed, the appellate court found:

> "The trial court's order stated that the cause was dismissed with prejudice because of plaintiff's failure to file an amended complaint within the stipulated time. Supreme Court Rule 219(c) (Ill. Rev. Stat. 1979, ch. 110A, par. 219(c)) gives the court the power to dismiss with prejudice for violation of Rules 201 through 218. (Ill. Rev. Stat. 1979, ch. 110A, pars. 201 through 218.) But none of these rules, which relate solely to discovery and pretrial, was violated here. The defendant has cited no rule giving the court the right to dismiss the cause with prejudice under the facts of this case, and we have found none. The courts of this State do have, and have always had, the inherent power to dismiss suits for want of prosecution. [Citations.] However it is clear from a perusal of the cases that a dismissal for want of prosecution has always been considered not to be an adjudication on the merits, not to prejudice the case of the party against whom it is entered, and not to act as a bar to a subsequent suit on the same issues [citations]; in other words, a dismissal for want of prosecution was always considered to be without prejudice since a dismissal with prejudice denotes an adjudication on the merits and is *res judicata*.

* * *

In light of the foregoing, it is clear that the trial court erred in dismissing the cause of action with prejudice." (*O'Reilly v. Gerber* (1981), 95 Ill. App. 3d 947, 949-51, 420 N.E.2d 425, 427-28.) We must presume that the circuit court did not intend to enter an erroneous order, and according to *O'Reilly*, an order dismissing the instant case "with prejudice" would have been in error. Whether the misstatement in the actual order resulted from inadvertence or oversight, we will construe the order as a valid order to dismiss "without prejudice." It follows then, on the authority of *Flores v. Dugan* (1982), 91 Ill. 2d 108, 435 N.E.2d 480, that the order of dismissal was not final. Since our jurisdiction to review is limited to final orders, this appeal must be dismissed. The plaintiff's right to renew this cause of action in the circuit court, pursuant to section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217), should be determined in accordance with the interpretation of the circuit court's prior order as herein set forth.

Appeal dismissed.

BARRY and WOMBACHER, JJ., concur.