*In re* APPLICATION OF EDWARD BUSSE (Chicago Title and Trust Company, Petitioner-Appellant; Donald W. Pelfresne, Appellant; Trustees of Schools of Township 41 North, Range 11 East of the Third Principal Meridian, Cook County *et al.*, Respondents-Appellees; Frank Pytlik, Jr., *et al.*, Third-Party Defendants).

First District (3rd Division)   No. 84—1184

Opinion filed June 25, 1986.

Lommen D. Eley and Richard A. Rheinstrom, both of Chicago (Eley & Koch, of counsel), for appellants.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Carolyn Clift, Assistant State's Attorneys, of counsel), for appellee Registrar of Titles of Cook County.

Foran, Wiss & Schultz, of Chicago (Stephen A. Gorman, of counsel), for other appellee.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Petitioner, Chicago Title and Trust Company, under provision of Trust Agreement dated the 17th day of November 1972 and known as Trust No. 61065 (land trustee), and Donald W. Pelfresne appeal from an order of the circuit court of Cook County entered January 9, 1984, denying Pelfresne's motion to intervene, and striking the second amended petition and the amendments thereto. The land trustee and Pelfresne also appeal from the denial of their motion for reconsideration of the January 9 order and from nonfinal orders entered on December 4, 1978, April 25, 1979, and January 4, August 22 and October 3, 1983.

The subject of the underlying litigation in this cause is a petition filed by the land trustee on October 28, 1976, to correct an alleged error of the respondent, registrar of titles of Cook County (registrar), with regard to the registration of certain real property located in Mt. Prospect. The petition alleges that on February 10, 1975, the registrar accepted for registration, without notice to the land trustee or the trust beneficiaries, certified copies of a judgment order entered April 21, 1967, and a *lis pendens* dated July 23, 1965, showing that as a result of

an eminent domain proceeding, title to 315 feet of the subject property was vested in the respondent, Trustees of Schools of Township 41 North, Range 11 East of the Third Principal Meridian, Cook County, Illinois (school trustees). The registrar canceled the land trustee's certificate of title to the property and issued two new certificates, vesting title to the north 315 feet of the property in the school trustees and title to the rest of the property in land trust No. 61065.

Petitioner ultimately filed on August 18, 1978, a second amended petition to which the respondents filed answers and affirmative defenses. The school trustees also filed a third-party complaint against individuals who were alleged to have been paid just compensation in the eminent domain proceedings. On June 25, 1979, the school trustees amended the third-party complaint to add Michael Schiessle as a third-party defendant. The motion for leave to file the amended third-party complaint states that interrogatories answered by the land trustee indicated that Schiessle was the sole beneficiary of land trust No. 61065, the petitioner land trustee had taken the position that it could not and would not represent or speak on behalf of any trust beneficiary and that Schiessle was therefore a party with an interest in the property whose presence was necessary for a resolution of the controversy before the court.

Between June 1979 and June 1982, the school trustees made numerous unsuccessful efforts to serve Schiessle with the third-party complaint. On May 19, 1982, there was issued against him a fourth alias summons and a subpoena for deposition directing him to appear for a discovery deposition and to produce certain documents. Schiessle was personally served with the summons and subpoena on June 8, 1982. However, he filed a special limited appearance for the purpose of objecting to the jurisdiction of the court over him. On July 19, 1982, service on Schiessle of the summons was quashed because he was not named on the face of it. The school trustees renewed their efforts to serve Schiessle with summons, but no service was obtained.

On September 3, 1982, the land trustee filed a motion for summary judgment. On September 17, the school trustees filed a motion to compel Schiessle to appear for deposition pursuant to the May 19 subpoena. Their motion was granted on that date and Schiessle was ordered to appear for deposition on October 12, 1982. In lieu of responding to petitioner's motion for summary judgment, and after the return of service for the seventh alias summons indicated that Schiessle had not been served with the September 17 order directing him to appear for deposition, the respondents filed a joint motion to dismiss for failure to join Schiessle as an indispensable party plaintiff.

On January 4, 1983, the trial court denied respondents' joint motion to dismiss the petition and petitioner's motion for summary judgment. An eighth alias summons was issued, but Schiessle was never served with the third-party complaint. On April 15, 1983, the trial court ordered Schiessle to appear for deposition on May 25, 1983, pursuant to the subpoena served on him in June 1982. Schiessle failed to appear as ordered and, on June 27, 1983, the respondents renewed their joint motion to dismiss the petition for failure to join him as an indispensable party plaintiff.

On August 22, 1983, the trial court found that Schiessle was a necessary and indispensable party petitioner and must be joined in the litigation, and that failure to so join him was grounds for dismissal of the petition. The court specifically based its findings on the allegations in the petition and on the responses to the school trustees' interrogatories. The court noted that Schiessle was identified therein as the sole beneficiary of land trust No. 61065, and that the land trustee admitted only limited knowledge on its part of facts pertinent to the litigation, including whether the beneficiary received notice prior to the registrar's acceptance of the school trustees' documents of title in 1975. The trial court granted respondents' joint motion to dismiss the petition; petitioner was granted 28 days to amend it to add Schiessle as a co-petitioner.

On September 13, 1983, the land trustee filed a motion to reconsider in which it stated that "Michael Schiessle denied the request of petitioner's attorney to add him as a party petitioner." On September 19, petitioner attempted to amend the second amended petition by adding Schiessle as a party defendant in light of his refusal to be joined as a plaintiff, in accordance with section 2—404 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—404).

On October 3, 1983, on its own motion, the trial court struck the amendment to the second amended petition filed September 19 as being inconsistent with its order of August 22. The court also denied petitioner's motion for reconsideration of the August 22, 1983, order. A return of service filed October 12, 1983, indicated that two more unsuccessful attempts were made to serve Schiessle with process on September 26 and September 27.

On October 17, 1983, Donald W. Pelfresne filed a petition to intervene as a party petitioner by virtue of an assignment to him from Schiessle of the beneficial interest in land trust No. 61065. The date of the assignment was October 11, 1983. On January 9, 1984, the trial court denied Pelfresne's petition to intervene and struck the second amended complaint and the amendments thereto for failure to comply with its August 22, 1983, and October 3, 1983, orders.

The court expressly found that the assignment of the beneficial interest in the land trust from Schiessle to Pelfresne was an attempt to frustrate the orders of the court. The court further found that Schiessle is the person with the greatest knowledge of the key facts in this case and the person who initiated the litigation by and through the land trustee, and is therefore a necessary and indispensable party. The court noted that the land trustee's acceptance of the assignment without permission of the court constituted grounds for dismissal of the petitioner's pleadings. The court concluded that, as the purported assignment of Schiessle's beneficial interest and the acceptance thereof were improper acts, the purported assignment had no legal effect. Petitioner's motion for reconsideration of the January 9 order was denied April 12, 1984, and the land trustee appeals.

We note preliminarily that although Pelfresne is listed as an appellant on the petitioner's brief, no argument was presented either in the brief or at oral argument on the issue of the attempted assignment. We therefore conclude that no appeal is taken from the trial court's determination that the attempted assignment had no legal effect, and will not address that issue in this opinion. The petitioner then, has presented the following issues for our review: (1) whether the respondents pleaded any defenses to the allegations in the second amended petition and (2) whether the trial court erred in dismissing the second amended petition for failure to add Michael Schiessle as a party petitioner.

We first address the propriety of the trial court's dismissal of the second amended petition for failure to join Schiessle as a party plaintiff. Petitioner argues that under section 2–404 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2–404), the proper solution to Schiessle's refusal to be joined as a plaintiff would be to add him to the litigation as a defendant. Petitioner asserts that it attempted to amend its petition to so add Schiessle but the trial court struck the amendment as inconsistent with its prior orders. The petitioner argues that where the land trustee, as owner of the legal interest in a land trust, is a party to litigation, it is unnecessary to join the owner of the beneficial interest in the trust.

The respondents maintain that, in this instance, Schiessle cannot be joined as a defendant because he clearly controls the land trustee and his "refusal" to accede to the land trustee's request that he be joined as a plaintiff is ludicrous. The respondents urge this court to look beyond the trust form and recognize, as did the trial court, that Schiessle is the real party in interest in this litigation and therefore an indispensable party. Respondents also note that were Schiessle to

be joined as a defendant, he would in effect be suing himself.

We find no error in the trial court's decision to dismiss the instant petition for failure to join Schiessle as a party plaintiff. "A necessary party is one whose presence in a lawsuit is required for any of three reasons: (1) to protect an interest which the absentee has in the subject matter which would be materially affected by a judgment entered in his absence; (2) to reach a decision which will protect the interests of those who are before the court; or (3) to *enable the court to make a complete determination of the controversy.*" (Emphasis added.) (*Brumley v. Touche Ross & Co.* (1984), 123 Ill. App. 3d 636, 644, 463 N.E.2d 195.) Indeed, it is error for a trial court to proceed to a final judgment without jurisdiction over all necessary parties to the litigation, and any final order entered under such circumstances would be null and void as to the nonjoined parties. (*Sullivan v. Merchants Property Insurance Co.* (1979), 68 Ill. App. 3d 260, 385 N.E.2d 897.) The quality of the interest the nonjoined party has is determined by the issues of the case as formulated by the pleadings and evidence. *Sullivan v. Merchants Property Insurance Co.* (1979), 68 Ill. App. 3d 260, 385 N.E.2d 897.

As noted above, the trial court found, in arriving at its determination that Schiessle was an indispensable party plaintiff, that he was the person with the most knowledge of the relevant facts supporting the petition. The court based its determination on the allegations in that petition and the answers to respondents' interrogatories. We agree that the pleadings alone indicate that defendant is a necessary party to the instant action.

Section 2—407 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—407), provides that no action shall be dismissed for nonjoinder of a necessary party without first affording reasonable opportunity to add him as a party. On the record before us, there can be no serious contention that Schiessle was not afforded reasonable opportunity to be joined in this litigation. Petitioner's argument that joinder as a defendant under section 2—404 is the appropriate solution to Schiessle's unwillingness to be joined as a plaintiff has no merit in this instance. The provisions of section 2—404 are not mandatory. Further, we agree with the respondents and with the trial court that Schiessle is not properly a party defendant in litigation he has initiated through his fictional identity.

Moreover, the record in this case indicates that Schiessle's goal regarding this litigation is to avoid being brought into the case in any manner. He has, over a period of seven years, successfully avoided service of the third-party complaint naming him as a third-party defendant. When served with a subpoena for deposition, he

failed to appear for it. The trial court has twice ordered him to appear pursuant to the subpoena, and has granted him immunity from service of summons for the dates of deposition, and he has twice failed to comply with the court's orders. Finally, at the eleventh hour, he attempted to assign his beneficial interest in the land trust to another in direct contravention of the trial court's finding that he was the person with the most knowledge about the events in question and, by virtue of that knowledge, was indispensable to the continuation of the litigation. Nothing in the record encourages this court to believe that the circuit court would be able to obtain jurisdiction over Schiessle even if he were joined as a party defendant.

Moreover, this court deplores the calculated abuse, by an attorney, of the judicial system which is documented by the record in the instant case. We will not countenance any continuation of such abuse by one directing litigation from behind the curtain of a fictional entity and therefore affirm the trial court's dismissal of the second amended petition and the amendments thereto for failure to join an indispensable party plaintiff.

Most of the petitioner's brief and the gist of his oral argument were devoted to a discussion of the merits of the underlying petition to correct the alleged error of the registrar, the alleged deficiencies in respondents' answers to the amended petition, and their failure to set forth adequate defenses to the allegations therein. Petitioner's motion to strike the school trustees' first and second affirmative defenses and the registrar's first affirmative defense were denied on December 4, 1978, and April 25, 1979, respectively. Petitioner's motion for summary judgment was denied January 4, 1983. The petitioner now seeks, after entry of the final judgment dismissing its petition, review of the nonfinal orders entered December 4, 1978, April 25, 1979, January 4, 1983, August 22, 1983, and October 3, 1983, and specifically requests this court to reverse the denial of the motion for summary judgment and indeed, to grant summary judgment in petitioner's favor.

The denial of a motion for summary judgment is not immediately appealable because it is not a final or appealable order. (*Simon v. Jones* (1968), 96 Ill. App. 2d 1, 238 N.E.2d 259.) However, the question of reviewability of the denial of a motion for summary judgment where the case is on appeal from a final judgment and where there has been no trial on the merits is not so well established. *Cedric Spring & Associates, Inc. v. N.E.I. Corp.* (1980), 81 Ill. App. 3d 1031, 402 N.E.2d 352.

In *Simon v. Jones,* plaintiff's motion for summary judgment was denied and the cause of action was ultimately dismissed in the trial

court for want of prosecution on defendant's motion. The *Simon v. Jones* court dismissed the appeal on defendant's motion, noting:

"Plaintiff cannot, by refusing or failing to proceed, thereby inviting a dismissal of her suit, accomplish indirectly what cannot be done directly. *** If an order denying a motion for summary judgment were reviewable as a matter of right after dismissal of the suit for want of prosecution, a plaintiff could effectively obtain review of any interlocutory order by failing to go forward with the presentation of his case." *Simon v. Jones* (1968), 96 Ill. App. 2d 1, 5, 238 N.E.2d 259, 261.

The *Cedric Spring & Associates, Inc. v. N.E.I. Corp.* court refined the *Simon v. Jones* holding. In *Cedric Spring,* the defendant filed a motion for summary judgment which was denied. The defendant then appeared for trial without complying with plaintiff's notice to produce. As a sanction for defendant's failure to comply with the notice to produce, the trial court entered a default judgment in the plaintiff's favor. Defendant then appealed from the default judgment. The appellate court held that the denial of a motion for summary judgment was reviewable where the case was on appeal from a final judgment, there had been no evidentiary hearing or trial, and the party seeking review had not prevented or avoided such hearing or trial. The *Cedric Spring* court, however, relying on *Simon v. Jones,* concluded that since defendant's own failure to comply with the notice to produce had resulted in the sanction of the default judgment, the denial of the motion for summary judgment was not reviewable. See also *Dick Lashbrook Corp. v. Pinebrook Foundation, Inc.* (1985), 134 Ill. App. 3d 56, 479 N.E.2d 1229.

The situation presented by the instant case is, in our view, on all fours with the circumstances present in *Simon* and *Cedric Spring.* Dismissal of the petition herein was a sanction imposed for failure to join a necessary and indispensable party and for Schiessle's refusal to comply with the trial court's orders. The petitioner is therefore unable to come before this court as one who "has not in any way prevented or avoided" the proceedings in the trial court. In order to preclude the petitioner from accomplishing indirectly what he could not accomplish directly and thereby benefitting from his own recalcitrance, we decline to review the nonfinal orders entered in this cause.

For the foregoing reasons, the orders of the circuit court of Cook County are affirmed.

Affirmed.

RIZZI, P.J., and WHITE, J., concur.