*In re* APPLICATION OF EDWARD BUSSE (Chicago Title and Trust Company, Trustee, *et al.*, Petitioners-Appellants, v. Trustees of Schools of Township 41 North, Range 11, East of the Third Principal Meridian, Cook County, *et al.*, Respondents-Appellees).

First District (3rd Division) No. 1—88—0668

Opinion filed May 17, 1989.

Leo N. Cinquino and Sandra L. Hebenstreit, both of Righeimer, Martin, Bridewell & Cinquino, P.C., of Chicago, for appellants.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Susan Condon, and Patricia M. Shymankski, Assistant State's Attorneys, of counsel), for appellee Registrar of Titles of Cook County, Illinois.

John A. Relias and Brian F. Collins, both of Vedder, Price, Kaufman & Kammholz, of Chicago, for appellee.

JUSTICE WHITE delivered the opinion of the court:

Petitioners, Michael Schiessle (Schiessle) and Chicago Title and Trust Company, under provision of trust agreement dated the 17th day of November 1972 and known as trust No. 61065 (Chicago Title), appeal from an order of the circuit court of Cook County dismissing their petition for correction of registrar's error (the petition). Since we agree with petitioners that the Petition is not barred by the dismissal of a similar petition filed by Chicago Title in 1976, we must reverse the order of the circuit court.

FACTS

The history of this litigation up to 1986 is outlined in our opinion entitled *In re Application of Busse* (1986), 145 Ill. App. 3d 530, 495 N.E.2d 1188 *(Busse I)* and will not be repeated at length herein.

On October 28, 1976, Chicago Title filed a petition to correct an alleged error of respondent registrar of titles of Cook County (the Registrar) with regard to the registration of certain real property located in Mt. Prospect.[1] The trustees of schools of township 41 North, range 11, east of the third principal meridian, Cook County (the School Trustees), who claim title to the real property, were also named as respondents. On November 10, 1982, respondents filed a motion to dismiss the 1976 Petition for failure to join Schiessle as an indispensable party plaintiff. The motion to dismiss was heard by Judge LaPorta who, on August 22, 1983, granted the motion and allowed Chicago Title 28 days to amend the 1976 Petition to join Schiessle as a copetitioner. Chicago Title then attempted to amend the 1976 Petition by adding Schiessle as a party defendant in light of his alleged refusal to be joined as a plaintiff. On October 3, 1983, Judge LaPorta struck the amendment as being inconsistent with the order of August 22 and gave Chicago Title an additional 14 days to add Schiessle as a copetitioner. However, Chicago Title failed to add Schiessle as a copetitioner, and, on January 9, 1984, Judge LaPorta dismissed the 1976 Petition.

Chicago Title filed a timely appeal from the dismissal of the 1976 Petition. We affirmed Judge LaPorta's order in *Busse I*. On September 3, 1987, Chicago Title, joined by Schiessle, filed the petition at issue. The Petition was assigned to Judge Barth of the circuit court. On November 23, 1987, the School Trustees filed a motion to dismiss the

---

[1]The petition filed in 1976 was twice amended. However, for the sake of clarity, we will refer to the original petition and to the amendments to the petition as the "1976 Petition."

Petition in which they argued that the 1976 Petition was dismissed as a sanction against Chicago Title and Schiessle for their failure to comply with rules or court orders concerning discovery. The School Trustees maintained that the dismissal was an adjudication on the merits and consequently barred the subsequent action by Chicago Title and Schiessle. Judge Barth allowed the Registrar to join in the School Trustees' motion to dismiss, and, on January 28, 1988, granted the motion. Chicago Title and Schiessle have appealed from Judge Barth's order.

DISCUSSION

■ The Illinois Supreme Court has clearly held that "the burden of showing that an action is barred under *res judicata* is upon the party invoking the doctrine" and that "before an adjudication can stand as a bar to a subsequent action, it must be determined whether the first action resulted in a final judgment on the merits." (*People ex rel. Scott v. Chicago Park District* (1976), 66 Ill. 2d 65, 68-69, 360 N.E.2d 773.) The court has also specified in Rule 273 (107 Ill. 2d R. 273) that an adjudication on the merits does not occur if a case is dismissed for failure to join an indispensable party. In the instant case, Judge Barth believed that Judge LaPorta dismissed the 1976 Petition as a sanction for petitioners' failure to comply with court orders. Thus, Judge Barth concluded that the order of January 9, 1984, was an adjudication on the merits and barred the subsequent petition filed by Chicago Title and Schiessle. We believe that Judge Barth's holding was incorrect. The 1976 Petition was dismissed for failure to join an indispensable party and, accordingly, does not bar the subsequent action filed by Chicago Title and Schiessle.

■ ■ A judgment or decree, like any other written instrument, is to be construed reasonably and as a whole so as to give effect to the apparent intention of the court (*Baldi v. Chicago Title & Trust Co.* (1983), 113 Ill. App. 3d 29, 33, 446 N.E.2d 1205; *Pope v. Pope* (1972), 7 Ill. App. 3d 935, 937, 289 N.E.2d 9), and it must be read and construed in connection with the pleadings (*Baldi*, 113 Ill. App. 3d at 33). The history of this litigation shows that Judge LaPorta was concerned that Schiessle, a necessary and indispensable party, had not been joined as a petitioner. In his absence, Judge LaPorta could not proceed to a final judgment. Judge LaPorta's concern is evident from her statement in an order that "failure to join [Michael Schiessle] as party petitioner is sufficient grounds for dismissal of the Second Amended Petition," and her statement at the hearing on October 20, 1983, that "I will proceed no further with this case until Michael Schiessle is a

party. I will not set it for trial. I will not order any discovery or anything until Mr. Schiessle is a party." We believe that it was Judge LaPorta's intention to require joinder of Schiessle as a copetitioner and not to impose sanctions upon Chicago Title. Judge LaPorta did not use the word "sanction" in her orders nor did she find that Chicago Title was in contempt of court.

Furthermore, it is evident from the court record that respondents understood that a dismissal of the 1976 Petition would not bar a subsequent action by Chicago Title and Schiessle. Thus, at the hearing on October 20, 1983, Mr. Gorman, the School Trustees' attorney, asked Judge LaPorta "to enter an order *** dismissing the petition in its entirety for failure to join Michael Schiessle." Mr. Gorman explained his position:

> "I think the case should be dismissed; and then if Mr. Schiessle and Mr. Eley *want to get the case back before your Honor*, then they comply with [the court's order to join Schiessle]." (Emphasis added.)

Respondents call our attention to the provision in the January 9, 1984, order that the 1976 Petition is "stricken for failure to comply with the orders of this Court entered on August 22, 1983 and October 3, 1983." They maintain that this provision shows that the 1976 Petition was dismissed as a sanction. The fact that the order contains this provision, however, does not mean that the 1976 Petition was dismissed as a sanction. Judge LaPorta did not indicate in the order that she was imposing a sanction upon Chicago Title. Nor did she find Chicago Title to be in contempt of court. We believe that respondents have placed too much emphasis on the form of the order and have ignored its substance. See *O'Reilly v. Gerber* (1981), 95 Ill. App. 3d 947, 420 N.E.2d 425 (dismissal of plaintiff's action after time allotted by trial court for plaintiff to amend complaint had elapsed was a dismissal for want of prosecution even though trial court stated in its order that the dismissal was for failure to comply with the court's order regarding the amendment); see also *Hare v. Ft. Smith & W.R. Co.* (1912), 104 Ark. 187, 148 S.W. 1038 (upon refusal of plaintiff to comply with court order to join necessary parties to suit, the court should only have dismissed the complaint without prejudice); *Vizier v. Howard* (La. App. 1964), 165 So. 2d 655 (upon defendants' motion to dismiss action for failure to comply with the order of the court regarding joinder of necessary parties, dismissal should have been without prejudice); *Neal v. Hall* (La. App. 1946), 28 So. 2d 131 (where plaintiff refused to comply with court order to add co-owners as parties, dismissal of plaintiff's action should have been without prejudice).

■ We must also reject respondents' contention that dismissal of the 1976 Petition was a sanction imposed pursuant to Illinois Supreme Court Rule 219 (107 Ill. 2d R. 219). Supreme Court Rule 219 gives the trial court the power to dismiss an action with prejudice for violation of Supreme Court Rules 201 through 218 (107 Ill. 2d Rules 201 through 218). However, Supreme Court Rules 201 through 218 relate solely to discovery and pretrial procedures. Judge LaPorta did not find that Chicago Title had violated any of these rules, so it is hardly likely that she would have dismissed the 1976 Petition pursuant to Supreme Court Rule 219.

■ Next, respondents maintain that, in *Busse I*, this court determined that the 1976 Petition was dismissed as a sanction. We disagree. It is well settled that what has been adjudicated is to be determined not from the opinion rendered but from a consideration of the judgment actually entered in reference to the issues presented for decision. (*People ex rel. Scott*, 66 Ill. 2d at 70.) In its brief in *Busse I*, the School Trustees stated the issue presented for review thus:

"The sole issue before this Court is properly stated as follows: 'Whether the trial court, in the exercise of its discretion based upon the facts of this case, was correct in dismissing the Land Trustee's Second Amended Petition for Correction of Registrar's Error for failure to join an indispensible [*sic*] necessary party plaintiff.' "

The School Trustees also stated that the "only statute which relates to any issue properly before this court is *Ill. Rev. Stat.* ch. 110, §2—407 which deals with, *inter alia*, the non-joinder of a necessary party." The Registrar adopted "the arguments presented by the TRUSTEES OF SCHOOLS in response to petitioner's allegation that the Trial Court erroneously dismissed the Second Amended Complaint for failure to join Michael Schiessle as an indispensable party." Thus, all parties in *Busse I* believed that the issue on appeal was whether Judge LaPorta properly dismissed the 1976 Petition for failure to join an indispensable party. This court indicated its holding on the issue at page 536 of the opinion:

"We will not countenance any continuation of such abuse by one directing litigation from behind the curtain of a fictional entity and therefore affirm the trial court's dismissal of the second amended petition and the amendments thereto for failure to join an indispensable party plaintiff." *Busse*, 145 Ill. App. 3d at 536.

We are aware of the language in *Busse I* that dismissal of the 1976 Petition "was a sanction imposed for failure to comply with the

trial court's orders." However, all of the language in an opinion does not necessarily express the actual holding by the court. (*People ex rel. Scott*, 66 Ill. 2d at 70.) The statement in question was made in the discussion of another issue on appeal (that is whether the denial of Chicago Title's motion for summary judgment should be reviewed). We do not believe that the statement modified the holding regarding the order of January 9, 1984, and joinder of Schiessle. We note that the actual discussion regarding the order of January 9, 1984, and joinder of Schiessle does not contain any reference to sanctions. The opinion in *Busse I* must be construed reasonably.

We note that respondents did not argue in their briefs in *Busse I* that the dismissal of the 1976 Petition was a sanction imposed by Judge LaPorta. Respondents did not raise this argument until Chicago Title and Schiessle filed the new petition in 1987. Respondents should not be heard to argue at this time that the 1976 Petition was dismissed as a sanction.

In conclusion, we are of the opinion that the 1976 Petition was dismissed for failure to join a necessary party. Such a dismissal cannot bar the subsequent action by Chicago Title and Schiessle. Accordingly, the judgment of the circuit court of Cook County is reversed.

Reversed.

FREEMAN, P.J., and RIZZI, J., concur.